UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESSIE BOWMAN, <br> as next friend of minor child C.B., et al., | ) <br> ) <br> ) |
| Plaintiffs, | ) |
| v. | ) Civ. No.06-0016 (RMU) |
| DISTRICT OF COLUMBIA, | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

Comes now defendant, District of Columbia, by and through counsel, and moves this Court to dismiss, in part, plaintiffs' Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12 (b)(6). The grounds for defendant's Motion to Dismiss are set forth in the accompanying Memorandum of Points and Authorities.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

                                          <u>/s/ Maria L. Merkowitz</u>
                                          MARIA L. MERKOWITZ [312967]
                                          Senior Assistant Attorney General
                                          441 4th Street, N.W.
                                          Sixth Floor South
                                          Washington, DC 20001
                                          (202) 442-9842

March 9, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESSIE BOWMAN, <br> as next friend of minor child C.B., et al., | ) <br> ) |
| Plaintiffs, | ) |
| v. | ) Civ. No. 06 - 0016 (RMU) |
| DISTRICT OF COLUMBIA, | ) |
| Defendant. | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES

### Procedural Statement

On January 6, 2006, plaintiffs filed a Complaint in the instant case, seeking reimbursement for attorney's fees from the District of Columbia, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. Sec. 1400, *et* seq., 28 U.S.C. Sec. 1331, and 42 U.S.C. Sec. 1983.  Nineteen plaintiffs were named, seven of whom were the Child and Family Services Agency ("CFSA").  Following inquiries from the District of Columbia's counsel, on February 22, 2006, Plaintiffs filed an Amended Complaint in which they deleted CFSA as the named plaintiff /next friend for the seven students, and substituted the names of attorneys for the Law Office of Dalton, Dalton & Houston for six of the plaintiffs and a Yolanda McClean for the seventh plaintiff. In their Complaint and Amended Complaint plaintiffs claim that they were prevailing parties in administrative hearings brought pursuant to the IDEA; that they submitted petitions for

3

attorney's fees to the District of Columbia Public Schools ("DCPS") and were paid $49,3100.09 by DCPS; and that they are still owed $8,728.50.

## ARGUMENT

I. **Standard of Review for Dismissal of a Complaint pursuant to Fed. R. Civ. P. 12(b)(6)**

In reviewing the sufficiency of a complaint or an amended complaint pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiffs. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and citing *Gardner v. Toilet Goods Assn.,* 387 U.S. 167, 172 (1967)).  However, the court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts.  *See Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Further, "a plaintiff's bare conclusion of law, or sweeping and unwarranted averments of fact, will not be deemed admitted" for purposes of a motion to dismiss, and the plaintiff only enjoys the "benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint.  *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C. Cir. 1987)

II. **To the Extent the Complaint Asserts Rights under Section 1983, Plaintiffs have failed to state a claim for which relief can be granted.**

42 U.S.C. Sec.1983 states:

Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan,* 443 U.S. 137, 144 n, 3 (1979). The first step for any party bringing a Section 1983 claim is to identify the specific constitutional right allegedly infringed. *Graham v. Connor,* 490 U.S. 386, 394 (1989); *Baker v. McCollan,* 443 U.S. at 140. Further, in any section 1983 action against a municipality such as the District of Columbia, the burden is on the plaintiffs to establish that the municipality has a custom or practice that caused the alleged constitutional or statutory violation. See, e.g. *Monell v. Dep't of Social Services of the City of New York,* 436 U.S. 658, 694 (1978); *Daskalea v. District of Columbia,* 227 F.3d 433, 441 (D.C. Cir. 2000).

Here, plaintiffs appear to claim that because the District of Columbia is lawfully obeying section 327 of the District of Columbia Appropriations Act of 2005, which caps the amount of attorneys' fees at $4000.00 for any one action brought under the Individuals with Disabilities Education Act ("IDEA") that it is violating plaintiffs' rights.

"IDEA violations can be the predicate for a section 1983 claim based on those statutory violations" *Johnson v. District of Columbia,* 190 F. Supp. 2d 34, 46-47 (D.D.C. 2002). However, here, plaintiffs' assertion of jurisdiction under 42 U.S.C. Sec. 1983 and the plaintiffs' seeming claims for relief under that statute, are plainly in error.

In a 2001 decision, this Court adopted a four part test setting forth the applicable standards for a finding of liability under section 1983 based on an IDEA violation: "(1) plaintiffs must prove by a preponderance of the evidence that DCPS violated one or more specific provisions of the IDEA; (2) plaintiffs must prove that exceptional circumstances exist, such that the conduct of DCPS that caused the IDEA violations was

persistently egregious and prevented or frustrated [plaintiffs] from securing equitable relief under the IDEA; (3) … plaintiffs [must] establish that the District of Columbia has a custom or practice that is the moving force behind the IDEA violations; (4) plaintiffs must show why the normal remedies offered under the IDEA, and specifically compensatory education, are inadequate to compensate for the harm … suffered." *Walker v. District of Columbia*, 157 F.Supp.2d 11, 30 (D.D.C. 2001) (Case cites omitted) See also *Jackson v. District of Columbia*, No. 02-0968 (D.D.C. Memorandum Opinion and Order, September 21, 2003); *R.S. et al., v. District of Columbia, et al.,* 292 F. Supp 2d 23 (D.D.C. 2003).

In *Jackson*, *supra*, Judge Emmett Sullivan, while observing that "the threshold to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is quite low," nonetheless dismissed any claims under Section 1983 in the absence of complaint allegations relating to three of the four elements of a violation of that statute. *Jackson v. District of Columbia*, No. 02-0968 (D.D.C. Memorandum Opinion and Order, September 21, 2003) Among other things, the Court observed that "[n]othing in plaintiffs' Complaint, other than the invocation of Section 1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the District of Columbia." Id., p. 10.

So here, other than a bald assertion of Section 1983 as a basis for the Court's jurisdiction, there are no allegations in the Complaint with respect to any of the elements of a Section 1983 violation. In fact, this case is a simple complaint for attorney's fees. Accordingly, dismissal of any claims based on Section 1983 is warranted.

### III. Mr. Houston and Ms. Duos are improper parties to the instant lawsuit.

#### A. The initial specification of CFSA as a plaintiff was gratuitous and improper.

In the complaint initially filed, CFSA was identified as the plaintiff for seven students. The jurisdiction section of the Complaint stated, in part, that "[e]ach plaintiff is . . . the parent/guardian of a minor child." Initial Complaint, para. 2.

In fact, the CFSA was not properly named a plaintiff. Neither the District of Columbia's Office of the Attorney General nor the CFSA itself ever authorized the filing of suit in the CFSA's name, or otherwise assented to its participation in this action. Appended hereto is a declaration by the CFSA's General Counsel, Donald Terrell, confirming that fact.[1]

It is beyond dispute that the filing of a suit by an attorney on behalf of a party which has not authorized that action is an extremely serious matter. If nothing else, taking such a step – identifying to the Court as a plaintiff a party that has no knowledge of counsel's action – is a plain breach of Fed. R. Civ. P. 11(b), and Rule 3.3(a)(1) of the District of Columbia Rules of Professional Conduct. That a *District agency* is represented to the Court as a plaintiff in an action *against the District* is an even more unfathomable presumption by counsel. Defendant, District of Columbia, believes that the Court should ascertain the facts concerning plaintiffs counsel's professional conduct in this regard, and take such remedial actions as may be appropriate.

---

[1] One week prior to the filing of this motion, undersigned counsel Taptich telephoned Plaintiffs' counsel, left a voicemail identifying this issue, and requested an identification of any individual at CFSA that had authorized counsel to identify CFSA. That inquiry was never responded to.

7

### B. The substitution of plaintiffs' counsel for CFSA is equally improper.

The Amended Complaint filed February 22, 2006, deleted the CFSA as the named plaintiff/next friend for the seven students, and substituted new individuals as named plaintiffs. The jurisdiction section of the Amended Complaint now states that "[e]ach Plaintiff is . . . the parent, guardian *or court appointed educational advocate* of a minor child." (Amended Complaint, para. 2 (emphasis added).

As to one of the seven students, D.M. (see Amended Complaint, p. 5, para.18), Yolanda McClean, said to be D.M.'s parent (Amended Complaint, para. 18), now appears. If true, the Defendant has no objection to that substitution of a named plaintiff, although it is unclear why that individual was not identified as a party at the time the original complaint was filed.

As to the other six students, two attorneys in the law firm filing this action now appear as next friend plaintiffs in lieu of CFSA. William Houston is now shown as plaintiff/next friend for P.C. (Amended Complaint, p. 1, para. 12), for V.H. (Amended Complaint, p. 3, para. 52), for J.C. (Amended Complaint, p. 4, para. 76), and for D.L. (Amended Complaint, p. 4, para. 84). Laura Duos is now shown as plaintiff/next friend for K.J. (Amended Complaint, p. 1, para. 24), and for M.C. (Amended Complaint, p. 2, para. 36). The Defendant believes these new substitutions are improper, and that counsel prosecuting this action, nominally under IDEA and 42 U.S.C. §1983, may not simultaneously appear as named plaintiffs.

Initially, it is unclear whether either Mr. Houston or Ms. Duos have the capacity or authority to appear in this Court as plaintiffs on behalf of the student/wards identified.

8

Those attorneys themselves recently stated that they initially named CFSA as plaintiffs since "counsel could not file on behalf of the wards above *because they are minors*."[2]

The relationship of Mr. Houston and Ms. Duos to the individual students appears to grow out of appointments as "educational advocates" by the Family Division of the District of Columbia Superior Court in Neglect and Abuse proceedings. See Amended Complaint, paras. 12, 24, 36, 52, 76, 84. In all such cases, however, a guardian *ad litem* is appointed by that court to represent the child generally; in some cases, an educational advocate may also (or later) be appointed to deal with educational issues that may arise in that court's deliberations.

But there is no indication here that the appointment of Mr. Houston or Ms. Duos as educational advocates by the Family Court granted any authority for counsel to initiate due process hearings at DCPS, or to independently pursue fee payments in this Court under IDEA. In fact, Rule 42(d) of the Superior Court directs that attorneys fees for time expended pursuant to an appointment are to be submitted to, and paid by, the Superior Court – and subject to the limitations of D.C. Code §16-2326.01.[3] And the Superior

---

[2] *Gray vs. District of Columbia,* Civ. No. 06-144 (D.D.C.), Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss, March 7, 2006, p.6.

[3] Rule 42(d) of the Superior Court's Rules governing Neglect and Abuse Proceeding provides:

> Reasonable compensation for services and related expenses of counsel shall be allowed pursuant to D.C. Code § 16-2326.01. Counsel shall be required to submit a statement of time expended and allowable expenses incurred on the forms provided, which must be signed by a judicial officer before payment can be ordered. A party who has been ordered to pay all or part of his or her attorney's fees pursuant to paragraph (a) shall pay the monies directly to the District of Columbia Courts. Counsel for the party so ordered shall be compensated by the District of Columbia Courts.

D.C. Code § 16-2326.01 provides, in part, as follows:

> (a)(1) . . . [A]n attorney representing a person who is financially unable to obtain legal counsel in a neglect proceeding or appointed to serve as counsel or guardian ad litem for a child who is the subject of a neglect proceeding shall, at the end of the representation or at the end of a segment of the representation, be compensated at a rate not less than the hourly rates established in D.C. Official Code, sec. 11-2604.

9

Court's Plan for Furnishing Representation in Neglect Proceedings in the District of Columbia ("Plan") – which appears on the Superior Court's website, and is attached hereto as Exhibit 1 – similarly makes clear that that court may, in certain circumstances, appoint "a special education advocate to pursue the child's educational needs," but that those attorneys are "subject to compensation limitations set forth in D.C. Code §16-2326.01" (Plan, pp. 3-4), and that compensation for appointed services is to be addressed to the Superior Court (Plan, pp. 8 et seq.).  Such provisions are inconsistent with counsel's appearing here as plaintiffs pressing claims for attorneys' fees based on a Superior Court "educational advocate" appointment,[4] and raise further questions concerning this Court's jurisdiction to entertain such fee claims in any event.

While the caption of the amended complaint characterizes Mr. Houston and Ms. Duos as "next friend" plaintiffs, that assumed relationship can be challenged as not being suitable.  Garrick v. Weaver, 888 F.2d 687, 693 (10th Cir. 1989); Hull by Hull v. United States, 53 F.3d 1125, 1127 n. 1 (10th Cir. 1995); T.W. v. Brophy, 124 F.3d 893, 895 (7th

---

        (2)  The attorney may make a claim for expenses reasonably incurred during the course of the representation.

(b)  Compensation payable pursuant to this section shall be subject to the following limitations:
    (1) for all proceedings from initial hearing through disposition, the maximum compensation shall be $1,600;
    (2) for all subsequent proceedings other than termination of parental rights, the maximum compensation shall be $1,600 per year;
    . . . .
(c)(1)   A separate claim for compensation and reimbursement shall be made to the Superior Court of the District of Columbia for representation before that Court, and to the District of Columbia Court of Appeals for representation before the District of Columbia Court of Appeals.
    . . . .
    (4)  In cases where representation is furnished other than before the Superior Court of the District of Columbia or the District of Columbia Court of Appeals, claims shall be submitted to the Superior Court of the District of Columbia which shall fix compensation and reimbursement to be paid.

[4] It should be noted that a preliminary review of counsel's invoices indicates that much time for which reimbursement is claimed here was devoted to matters handled before the Superior Court, in some cases, long before the initiation of due process proceedings at DCPS.

10

Cir. 1997). And indeed it is not proper in this action. First, there is no indication that the students involved are in fact "friendless." In the normal course, the parent, guardian or a responsible relative would appear on their behalf. Indeed, after having first gratuitously represented CFSA to be their "next friend" client as to D.M., Plaintiffs' counsel subsequently appear to have located and substituted the student's parent as plaintiff for that student. Compare Initial Complaint, para. 18, with Amended Complaint, para. 18.

Second, in the Superior Court proceedings relating to the children for whom Mr. Houston and Ms. Duos claim next friend plaintiff status, those children had been appointed a guardian *ad litem* by the that court; to the extent the child's parent or guardian themselves do not here appear for the child, the guardian *ad litem* would be the next logical representative to appear. Even if counsel's claim of right to appear as "next friend" plaintiff were otherwise proper, such an appearance would not be permissible unless the appointing court disqualified the guardian *ad litem* from representing the child. See Garrick v. Weaver, supra, 888 F.2d at 692-93; Susan R.M. by Charles L.M v. Northeast Independent School District, 818 F.2d 455, 458 (5th Cir. 1987); T.W. v. Brophy, supra, 124 F.3d at 895. Yet there is no indication that any such disqualification occurred here. See also Fed.R.Civ.P. 17(c) (a minor "who *does not have a duly appointed representative* may sue by a next friend"; emphasis added).

Third, the interests Mr. Houston and Ms.Duos are not those of the minors for whom they seek to appear as sponsoring plaintiffs. In the normal course, a representative of a minor – the parent or guardian – would retain counsel to pursue an administrative due process hearing at DCPS for the minor, and would be obligated to pay fees for those services. Any ensuing action would be brought by the minor's representative, for

reimbursement for services they had commissioned and were responsible for. There is no such circumstance here. The minors here are hardly responsible for the attorneys' fees. And no adult legally responsible for the minor is identified who undertook that obligation. At bottom, while claiming to be next friend representatives of the named minors, the above referenced attorneys seek instead to be plaintiffs in their own right – pursuing their own financial interests, not those of the named minors. And there is no basis for according them that inherently conflicting status.

### C. Rule 3.7 of the D.C. Rules of Professional Conduct prohibits a lawyer from acting as an advocate at trial in which he is a likely witness.

Even ignoring all other infirmities, proceeding with lawyers in the same firm acting as both plaintiffs and counsel violates the Rules of Professional Conduct. Rule 3.7 provides, in pertinent part, that:

> (a)  A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where;
> (1)  The testimony relates to an uncontested issue;
> (2)  The testimony relates to the nature and value of legal services rendered in the case; or
> (3)  Disqualification of the lawyer would work substantial hardship on the client
> (b)  A lawyer may not act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness . . . .

In this case, if the claims as to which Mr. Houston and Ms. Duos appear as plaintiffs are not dismissed, both will be subject to immediate discovery unrelated to "the nature and value of legal services rendered" – the only arguable exception to Rule 3.7 here. Rather, they will be examined, among other things, on the documents and details relating to (1) their appointment, and the scope of their appointment, by the Superior Court – matters that bear directly on their authority from that court to appear in this Court in this action; (2) who authorized them to institute due process proceedings at DCPS

and/or with whom they had retainer or other arrangements – also matters bearing on their status as next friend plaintiffs; (3) whether there are other Superior Court-appointed representative for the children involved, and whether children's guardians *ad litem* (or anyone else) authorized Mr. Houston and Ms. Duos to appear as next friend plaintiffs in this action; (4) the reasons why they were substituted as next friend plaintiffs for the earlier (improper) designation of CFSA; (5) whether they have requested reimbursement for the services they are claiming here from the Superior Court, and, whether payments have been received.

All of these areas of inquiry, requiring the testimony of Mr. Houston and Ms. Duos, are necessary and legitimate, do not run to "the nature and value of legal services rendered, and preclude current counsel and their firm from appearing both as attorneys and plaintiffs.

## **CONCLUSION**

Plaintiffs' Amended Complaint is deficient in at least two respects: (1)While referring to 42 U.S.C. Sec. 1983, the Amended Complaint fails to set forth any claims on which relief pursuant to that statute can be granted. On that basis, all claims based on Section 1983 must be dismissed. (2) Mr. Houston and Ms. Duos, attorneys in the law firm of Dalton, Dalton & Houston, are improper parties to bring an action on behalf of at least six of the named plaintiffs. To the extent that Mr. Houston and Ms. Duos lack the capacity to represent the interest of plaintiffs P.C., K.J., M.C., V.H., J.C., and D.L., the claims of those parties must be dismissed.

                                        Respectfully submitted,

                                        ROBERT J. SPAGNOLETTI
                                        Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, DC 20001
(202) 442-9842
FAX - (202) 727-3625

3/9/2006

14