UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESSIE BOWMAN, *ex rel.,* C.B., *et al.,* )<br>)<br>  Plaintiffs, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>  Defendant. )<br>_____ ) | Civil Action No. 06-016 (RMU) |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, the Plaintiffs, by and through counsel, and respectfully moves this Court to deny the Defendant's Motion to Dismiss.

**BACKGROUND**

The Plaintiffs consist of both parents who sought legal counsel for assistance with the special education needs of their children, and children who are wards of the District of Columbia. The undersigned attorneys and other members of the attorneys' firm were appointed by the District of Columbia Superior Court to act as the educational advocate, or guardian for purposes of education, for the Plaintiffs who are wards of the District of Columbia.

The Plaintiffs commenced this action due to unpaid attorneys' fees by the District of Columbia Public Schools ("DCPS"). All of the Plaintiffs named filed for a due process hearing based on violations by DCPS of the Individuals with Disabilities Education Act ("IDEA"). 20 U.S.C. § 1400 *et seq.* Each of the Plaintiffs were the prevailing parties at the due process hearing, and, as such, sought payment of attorneys' fees, pursuant to IDEA, 20 U.S.C. § 1415(i)(3)(B). Invoices were submitted to DCPS for payment of the Plaintiffs' attorneys' fees.

Section 327 of the District of Columbia Appropriations Act of 2005 ("Section 327" or "cap") caps the amount of attorneys' fees that the District of Columbia can pay at $4,000.00. Some invoices were only paid up to the $4,000.00 cap, and those invoices are the subject of a related lawsuit. *See Gray v. District of Columbia*, Civil Action No. 06-144 (RMU). Other invoices were either not paid at all or were not paid up to the $4,000.00 cap. Considering the significant expense that it takes to bring a case to an IDEA due process hearing and prevail, the instant suit was filed to recover the fees owed to Plaintiffs up to the $4,000.00 cap.

The Defendant now moves this Court to dismiss the Plaintiffs' action. However, as outlined below, the Court should deny the Defendant's Motion to Dismiss.

**ARGUMENT**

**I.     Standard of Review**

As stated in *Haynesworth v. Miller*, a motion to dismiss should be granted only when it appears beyond doubt that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. 820 F.2d 1245, 1254 (D.C. Cir. 1987). Furthermore, the plaintiff enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint. *Id*. When considering a motion to dismiss the court should liberally construe the complaint in the plaintiff's favor, and the court should grant to the plaintiff the benefit of all inferences that can be derived from the facts alleged, except bare conclusions of law or sweeping and unwarranted averments of facts. *Kowal v. MCI Communications Corp.*,16 F3d 1271, 1276 (D.C. Cir. 1994).

**II.     The Complaint Should Not be Dismissed Based on Fed. R. Civ. P. 12(b)(1), Because this Court has Subject Matter Jurisdiction.**

The Defendant seeks dismissal based on, *inter alia*, Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction. This Court has subject matter jurisdiction over the Plaintiffs' claims. First, this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331, which grants original jurisdiction to the United States District Courts over civil actions arising from federal law. The IDEA is a federal law. Secondly, the IDEA itself grants this Court jurisdiction to hear claims involving attorneys' fees. *See* 20 U.S.C. § 1415(i)(3).

**III.    The Section 1983 Claims Should Not Be Dismissed Based on Fed. R. Civ. P. 12(b)(6), Because Plaintiff Does Not Fail to State a Claim upon which Relief can be Granted.**

The Defendant's Motion serves only to blur the specific legal issue posed by the Complaint. The Defendant lays out the four-part test from *Walker v. District of Columbia,* 157 F. Supp. 2d 11, 30 (D.D.C. 2001), which is needed to prove that compensatory damages are warranted. The Complaint, however, is not seeking compensatory damages under Section 1983. Thus, the four-prong test of the 2001 *Walker* case does not apply to the instant case. Rather, Plaintiffs' Section 1983 claim meets the requirements to survive a motion to dismiss. "As in any Section 1983 action brought against a municipality, the burden is on the plaintiffs in this case to establish that the District of Columbia has a custom or practice that is the moving force behind the alleged IDEA violations." *Walker v. District of Columbia,* 969 F. Supp. 794, 797 (D.D.C. 1997) (citing *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 694 (1978)). The Plaintiff's Complaint (amended on February 22, 2006) sets out a custom or practice behind the IDEA violations that are the basis of the Section 1983 claim: non-payment of attorneys fees to prevailing parties at IDEA hearings.

While citing to an unpublished opinion, *Jackson v. District of Columbia*, No. 02-0968 (D.D.C. Memorandum Opinion and Order, September 21, 2003), to argue that the Plaintiffs' Complaint is insufficient, the Defendant ignores *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000), as well as the lengthy facts set out in the Complaint, which outline a custom or practice of non-payment of owed attorneys' fees.  In *Sparrow,* the District of Columbia Circuit Court stated, "[C]omplaints need not plead law or match facts to every element of a legal theory." 216 F.3d at 1115 (citations omitted).  The Circuit Court further stated, "we rejected the district court's conclusion that plaintiff's complaint was deficient because it 'failed to identify a specific custom, policy statement, or procedure that caused his injuries,' and otherwise 'failed to state facts supporting' its allegations." *Id.* at 1115.  The Circuit Court, however, agreed that "a section 1983 complaint alleging municipal liability must include some factual basis for the allegation of a municipal policy or custom." *Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996).  The DCPS custom or practice is evident by the facts in the Complaint that layout over 85 paragraphs of a custom or practice of non-payment of attorneys' fees under the $4,000.00 cap.  Thus, the Complaint is sufficient to sustain the Section 1983 allegations and survive the Defendant's Motion to Dismiss.  Furthermore, if the Plaintiffs' Section 1983 claim is successful, the Plaintiffs seek an award of attorneys fees pursuant to 42 U.S.C. § 1988.

The Defendant is incorrect in its assertion that Plaintiffs' claim "because the District of Columbia is lawfully obeying Section 327 . . ., which caps the amount of attorneys' fees at $4,000.00 for any one action brought under the [IDEA] that it is violating plaintiffs' rights." (*See*

Def.'s Motion to Dismiss at 5.) Rather, the Plaintiffs' brought this action for the exact opposite reason, DCPS's failure to obey Section 327 and pay up to the $4,000.00 cap in IDEA cases.

**IV.    Defendant's Arguments Regarding CFSA are Moot, Because CFSA is No Longer a Party to this Action.**

The Defendant's arguments regarding CFSA as a party are now moot, because an Amended Complaint was filed on February 22, 2006 removing CFSA as a party. Pursuant to Fed. R. Civ. P. 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." The Plaintiffs' Amended Complaint was filed before any responsive pleading was filed by the Defendant. Plaintiffs' counsel did not include CFSA as a party with the intention of filing an unauthorized claim on CFSA's behalf. Rather, the Plaintiffs' counsel originally included CFSA as a party, because CFSA is the legal guardian of the minor Plaintiffs who are wards of the District of Columbia. Counsel could not file on behalf of the wards *alone*, because they are minors. After filing the original Complaint, however, Plaintiffs' counsel realized that a conflict existed and diligently filed an Amended Complaint removing CFSA as a party. Since Plaintiffs' counsel represents the minors who are wards of the District of Columbia in their capacity as the court appointed educational advocates, the Amended Complaint lists the educational advocates as Plaintiffs filing on behalf of the minor wards. The Court Orders appointing the Plaintiffs as the *guardians* for educational purposes are attached. (*See* Pls.' Ex. 1.)[1]

---

[1] Plaintiffs' counsel was unable to obtain a copy of the Court Orders for M.C. and J.C. prior to filing this Opposition. Counsel will file these Orders with the Court as a memorandum as soon as they obtain a copy from the Superior Court.

5

**V.     The Substitution of Plaintiffs' Counsel for CFSA is Not Improper and the
        Doctrine of Estoppel Bars Such Argument.**

The Amended Complaint, filed on February 22, 2006, removed CFSA as a party and substituted the court appointed educational advocates on behalf of the minor Plaintiffs who are wards of the District of Columbia. Plaintiffs' counsel could not file in the name of the wards *alone*, because they are minors. Thus, counsel named the court appointed educational advocates as the next friends of the minor wards. The Court Orders appointing the educational advocates are attached. (*See* Pl.'s Ex. 1.)

The Defendant argues that it is unclear whether the educational advocates can appear in court on behalf of the wards or have the authority to file due process hearing complaints under IDEA. The Court Orders state that the educational advocates are appointed as "Guardian, Limited for Educational Purposes" and are authorized to perform whatever duties are necessary to determine the student's educational needs and ensure proper placement. This language in the Court Orders covers the authority of the educational advocate to file a due process hearing and later seek payment of attorneys' fees from DCPS.

Section 1415(i)(3)(B)(1) permits the courts to award attorneys' fees to "a prevailing party who is the parent of a child with a disability." The IDEA defines "parent" as:

> (A) a natural, adoptive, or foster parent of a child
> (unless a foster parent is prohibited by State law from
> serving as a parent);
> (B) a guardian (but not the State if the child is a
> ward of the State);
> (C) an individual acting in the place of a natural
> or adoptive parent (including a grandparent, stepparent,
> or other relative) with whom the child lives, or an individual
> who is legally responsible for the child's welfare;
> or

> (D) except as used in sections 615(b)(2) and 639(a)(5), an individual assigned under either of those sections to be a surrogate parent.

20 U.S.C. § 1401(23). The court appointed educational advocates are guardians for educational purposes. Thus, the attorneys acting as educational advocates meet the definition of "parent" under IDEA and can appropriately seek attorneys' fees when they are the prevailing party of a due process complaint.

The Defendant might make the argument that the educational advocates cannot seek attorneys' fees because attorney-parents, that is parents who are attorneys, are not permitted to seek an award of attorneys' fees when they represent their own child in a due process hearing. The Plaintiffs' case, however, is not that of an attorney-parent representing his/her own child at an IDEA hearing. The case law that Plaintiffs have found deals only with biological parents, and not surrogates or court-appointed guardians. According to case law, the reasoning behind not awarding attorneys' fees to attorney-parents is to encourage parents to seek independent, emotionally detached counsel, because there is great danger for inadequate representation when an emotionally charged parent represents her minor child. *See, e.g., Doe v. Bd. of Ed.*, 165 F.3d 260 (4th Cir. 1998); *Woodside v. Sch. Dist. of Phila. Bd. of Educ.,* 248 F.3d 129 (3d Cir. 2001). Given this line of reasoning, the court appoints the educational advocates due to their expertise in special education litigation. The Defendant seems to be trying to pigeon-hole the Plaintiffs into one of two categories: either (1) the educational advocates are not guardians and thus cannot bring due process complaint on behalf of the minor wards, or (2) the educational advocates are considered attorney-parents and thus cannot seek attorneys' fees. The Plaintiffs, however, do not fall into either of these categories and are the proper party to bring these claims.

Pursuant to IDEA § 1415(b)(2), DCPS is required to appoint a surrogate for wards of the District of Columbia. DCPS, however, does not have a system in place to appoint surrogates for wards. Therefore, the courts have taken on this task of appointing surrogates, or guardians for educational purposes. The guardian *ad litem* does not play a parental role in terms of the ward's education. The court appoints the educational advocates, or guardians for educational purposes, to ensure that the educational needs of the student are met. The educational advocate, not the guardian *ad litem*, is the person who files the due process complaint on behalf of the student, and thus the educational advocate is the proper person to seek attorneys' fees when they are the prevailing party. The court appointed the educational advocates with the understanding that the attorney would seek fees from DCPS and not the Superior Court under the complex litigation exception to the guardian *ad litem* fee rules. (*See* Def.'s Ex. 1: Plan § II(D)(2)(c); Pls.' Ex. 1.) The educational advocates are not seeking plaintiff status, but rather are filing this claim on behalf of the minor wards as the court appointed guardians for educational purposes.

The doctrine of estoppel bars the Defendant from arguing that the educational advocates cannot bring IDEA claims and seek attorneys' fees, because such argument directly contradicts the actions of the Defendant in the past. For years, members of the undersigned counsels' firm have acted as court appointed educational advocates in bringing IDEA due process complaints against DCPS. The Defendant has never argued that the court appointed educational advocates do not have the authority to bring such claims. Furthermore, when invoices for attorneys' fees have been submitted to DCPS for payment by court appointed educational advocates who were prevailing at a due process hearing, DCPS has never refused payment based on the Defendant's current argument that it is improper. In fact, DCPS has submitted partial payment on these

invoices, as evidenced in the Plaintiffs' Amended Complaint. (*See* Amended Complaint ¶¶ 12-15, 24-27, 36-39, 52-55, 76-79, 84-87.)  The Plaintiffs' now seek the remainder of the attorneys' fees owed to them under the $4,000.00 cap.

VI. **The Exceptions to Rule 3.7 of the District of Columbia Rules of Professional Conduct Apply to the Instant Case.**

The attorneys' roles as both Plaintiffs and counsel in the instant case does not violate Rule 3.7 of the District of Columbia Rules of Professional Conduct.  In fact, the roles of the attorneys in the instant case fall under two exceptions to Rule 3.7.  Rule 3.7 states:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>   (1) The testimony relates to an uncontested issue;
>   (2) The testimony relates to the nature and value of legal services rendered in the case; or
>   (3) Disqualification of the lawyer would work substantial hardship on the client.
> (b) A lawyer may not act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness if the other lawyer would be precluded from acting as advocate in the trial by Rule 1.7 or Rule 1.9.

In the present case, the attorneys' fees owed to the Plaintiffs is an uncontested issue under exception (1) above.  The Defendant has not contested the fact that these fees were earned by prevailing parties, submitted to DCPS for payment, and have not been paid in full.  Additionally, if it is necessary for the attorneys to be witnesses if this case proceeds to trial, their testimony would relate to the "nature and value of legal services rendered" as outlined in exception (2) above.  Any questioning of these attorneys regarding the court appointments, authorization to bring due process complaints, or invoices submitted for attorneys' fees is directly related to the "nature and value of the legal services rendered."  Additionally, "Rule [3.7] clearly applies to trial counsel, but it does not by its terms disqualify members of a potential lawyer-witness's firm

from representing the client through pretrial motions." *Canfield v. Stone*, 1993 U.S. Dist. LEXIS 15491, *3 (D.D.C. 1993). Therefore, the attorneys are not disqualified under Rule 3.7, and even if this Court determines that they are, the attorneys are permitted to proceed with pretrial motions. Furthermore, if Mr. Houston is needed as a witness, he can withdraw as counsel on this case and let Mr. Dalton and Mrs. Dalton proceed with the trial portion of the case. Mr. Dalton and Mrs. Dalton would not be precluded from continuing as counsel during the trial portion, because, pursuant to Rule 3.7(b) above, Mr. Houston would not be precluded from acting as advocate in the trial by Rule 1.7 or Rule 1.9. Rules 1.7 and 1.9 lay out the conflict of interest standard, and in this case, no conflict of interest exists.

## CONCLUSION

For the reasons set forth above and the Defendant's failure to prove that no set of facts exist that would justify relief, the Plaintiffs' claims should not be dismissed. Thus, Plaintiffs request that this Court deny the Defendant's Motion to Dismiss.

DATE: March 20, 2006                     Respectfully submitted,
                                         Counsel for Plaintiffs

                                         _____/s/_____
                                         Paul S. Dalton, Esq. (Bar. No. 439118)
                                         DALTON, DALTON & HOUSTON, P.C.

                                         _____/s/_____
                                         Ellen Douglass Dalton, Esq. (Bar. No. 411612)
                                         DALTON, DALTON & HOUSTON, P.C.

                                         _____/s/_____
                                         William E. Houston, Esq. (Bar. No. 450223)
                                         DALTON, DALTON & HOUSTON, P.C.

                                         1008 Pendleton Street
                                         Alexandria, VA 22314
                                         (703) 739-4300
                                         (703)-739-2323 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was filed electronically, on this 20th day of March, 2006.

_____/s/_____
WILLIAM E. HOUSTON, Esq.
Counsel for the Plaintiffs