UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ESSIE BOWMAN *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: 06-0016 (RMU) |
| | : | |
| v. | : | Document No.: 3 |
| | : | |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

Granting in Part and Deferring Ruling in Part on the Defendant's Motion for
Partial Summary Judgment[1]; Ordering Further Briefing

**I. INTRODUCTION**

The plaintiffs, minor children and their parents, guardians and court-appointed educational advocates, bring this action to collect unpaid attorneys' fees and other costs pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* and 42 U.S.C. § 1983 ("§ 1983"). Pending before the court is the defendant's motion for partial summary judgment. The defendant argues that the plaintiffs have failed to state a claim under § 1983 and that the court-appointed educational advocates are improper parties. Because the plaintiffs fail to allege that the defendant has a policy, custom, or practice of non-payment of attorneys' fees, the court grants summary judgment on their § 1983 claim.[2] Because it is unclear

---

[1]   Although the defendant moves to dismiss pursuant to Federal Rule of Evidence 12(b)(6), if, in considering a Rule 12(b)(6) motion, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[.]" *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003).

[2]   The defendant only moved for summary judgment on the § 1983 claim. As stated *infra* in Section III.A.3, however, the complaint does not allege that the defendant violated the plaintiffs' rights under the IDEA. Because the defendant has not moved to dismiss the IDEA claims, *see generally* Def.'s Mot., however, the court does not consider the issue at this juncture.

from the parties' briefs whether court-appointed educational advocates are eligible to recover attorneys' fees and costs, the court defers ruling in part and orders further briefing.

## II.  BACKGROUND

The plaintiffs are 19 minor children and their parents, guardians and court-appointed advocates.  Am. Compl. ¶¶ 2, 4, 8, 12, 16, 24, 28, 36, 40, 44, 48, 52, 56, 60, 64, 68, 72, 76, 80, 84, 88.  Six of the 19 children plaintiffs are wards of the District of Columbia.  Am. Compl., Prayer for Relief.  The six wards of the District of Columbia are represented by court-appointed educational advocates William Houston and Laura Duos.[3]  *Id.* ¶¶ 12, 24, 36, 52, 76, 84.  According to the caption in the complaint, the court-appointed advocates bring the instant suit as next friends.

All of the plaintiffs brought administrative due process claims[4] against the District of Columbia Public Schools ("DCPS").  Am. Compl. ¶¶ 2, 4, 8, 12, 16, 24, 28, 36, 40, 44, 48, 52, 56, 60, 64, 68, 72, 76, 80, 84, 88.  The plaintiffs allege that they were prevailing parties against DCPS in the due process hearings.  *Id.*  As such, they submitted petitions for attorneys' fees to DCPS.  *Id.* ¶¶ 5, 9, 13, 17, 25, 29, 37, 41, 45, 49, 53, 57, 61, 65, 69, 73, 77, 81, 85, 89.  The plaintiffs bring the instant suit because DCPS has not paid the full amounts requested by the

---

[3]     William Houston and Laura Dos, attorneys, were appointed as "Counsel for Educational Purposes" by the Family Division of the Superior Court of the District of Columbia.  Pls.' Mem. of P. & A. in Opp'n to Def.'s Mot. to Dismiss ("Pls.' Opp'n"), Ex. 1; Praecipe Ex. 1.  They bring the instant suit as next friends of the wards of the District of Columbia.

[4]     The "IDEA guarantees parents of disabled children an opportunity to participate in the identification, evaluation, or educational placement of their children."  *Calloway v. Dist. of Columbia*, 216 F.3d 1, 3 (D.C. Cir. 2000).  Parents who disagree with the identification, evaluation, or educational placement of their children may request an administrative "impartial due process hearing."  20 U.S.C. § 1415(f).

plaintiffs.[5]  *Id.*, Prayer for Relief.  In total, the plaintiffs seek $8,728.50 in unpaid attorneys' fees and costs.  *Id.*  The plaintiffs bring their claims pursuant to the IDEA and § 1983.  *Id.* ¶ 1.

The plaintiffs filed an amended complaint on February 22, 2006.  The defendant filed a motion for partial summary judgment on the § 1983 claim and on the claims brought by the court-appointed educational advocates shortly thereafter.  The court now turns to the defendant's motion.

### III.  ANALYSIS

The defendant moves for summary judgment on the plaintiffs' § 1983 claim, arguing that the plaintiffs have not met their burden of establishing that the defendant, a municipality, has a custom or practice of violating their statutory rights.  Def.'s Mot. for Partial Dismissal ("Def.'s Mot.") at 5.  The defendant also moves for summary judgment on the claims brought by the the court-appointed educational advocates on the grounds that they did not have the authority to initiate the due process hearings at DCPS and hence may not pursue attorneys' fees in this court.  *Id.* at 9.  The defendant also contends that the court-appointed advocates may not simultaneously appear as plaintiffs and as counsel of record because it violates Rule 3.7 of the District of Columbia Rules of Professional Conduct ("D.C. Rule 3.7").  *Id.* at 12.  For the reasons that follow, the court grants summary judgment as to the plaintiffs' § 1983 claim.  The court also orders further briefing on the ability of court-appointed educational advocates to file IDEA actions in this court and on the applicability of D.C. Rule 3.7 to the instant action.

---

[5]     For all plaintiffs, with the exception of T.P., DCPS has paid, to varying degrees, a portion of the requested amounts.  With respect to T.P., DCPS has paid no attorneys' fees.  *See generally* Am. Compl. & Prayer for Relief.

### A.  The Court Grants Summary Judgment on the § 1983 Claim

### 1.  Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252.  To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.*

In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993).  Rather, the nonmoving party must present specific facts that would enable

a reasonable jury to find in its favor. *Greene*, 164 F.3d at 675. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

## 2. Legal Standard for § 1983 Claims

To determine municipal liability under 42 U.S.C. § 1983, the district court must conduct a two-step inquiry. *Baker v. Dist. of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003). First, the court determines whether the plaintiff establishes a predicate constitutional or statutory violation. *Id*.; *see also Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991). If so, the court then determines whether the complaint states a claim that a custom or policy of the municipality caused the violation. *Id*.; *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). The second prong requires a determination of whether "a policy or custom of the District of Columbia caused the constitutional violation alleged under the first prong." *Baker*, 326 F.3d at 1306; *Monell*, 436 U.S. at 694. As the court in *Baker* stated, the plaintiff must

> allege[] an "affirmative link," such that a municipal policy was the "moving force" behind the constitutional violation. There are a number of ways in which a "policy" can be set by a municipality to cause it to be liable under § 1983: the explicit setting of a policy by the government that violates the Constitution; the action of a policy maker within the government; the adoption through a knowing failure to act by a policy maker of actions by his subordinates that are so consistent that they have become "custom"; or the failure of the government to respond to a need (for example, training of employees) in such a manner as to show "deliberate indifference" to the risk that not addressing the need will result in constitutional violations.

*Baker*, 236 F.3d at 1306-07 (internal citations omitted).

### 3. The Complaint Does Not State a Claim that a District of Columbia Custom or Policy Caused a Statutory Violation

The defendant argues that the plaintiffs do not make out a claim for a § 1983 violation. Def.'s Mot. at 5. As stated *supra*, in analyzing a § 1983 claim, the court's first inquiry focuses on whether the plaintiffs have established a predicate statutory violation. "IDEA violations can be the predicate for a § 1983 claim based on those statutory violations." *Johnson v. Dist. of Columbia*, 190 F. Supp. 2d 34, 36-37 (D.D.C. 2002). Except for a one-sentence statement in the jurisdictional section of the complaint, the plaintiffs make no allegations specifically related to § 1983. "Although a plaintiff is not required to plead law or match facts to every element of a legal theory, the complaint must include some factual basis for the allegations made." *Bowman v. Dist. of Columbia*, 2006 WL 2221703, at *3 (D.D.C. Aug. 2, 2006) (unpublished opinion) (internal citations and quotations omitted). The plaintiffs' failure to include some factual basis for their § 1983 claim is reason enough to dismiss it. *Id.* (dismissing a § 1983 claim in a complaint alleging violations of the IDEA because the plaintiffs' invocation of § 1983 consisted only of a "perfunctory recitation in the jurisdiction section").

Additionally, even if read very broadly, the complaint does not allege that the defendant violated the plaintiffs' rights under the IDEA. First, the complaint alleges that the plaintiffs submitted attorneys' fees requests to the defendant. But, only the court (and not the defendant) may award the plaintiffs reasonable attorneys' fees. 20 U.S.C. § 1415(i)(3)(B) (stating that the *court* may award reasonable attorneys' fees in any district court proceeding to enforce IDEA rights) (emphasis added). The complaint, therefore, cannot possibly be read to allege that the defendant is violating the plaintiffs' statutory rights because the plaintiffs do not have a statutory right to enforce until a court awards them attorneys' fees.

Second, assuming *arguendo* that the plaintiffs have a statutory right to collect attorneys' fees from the defendant absent a court order, there is no indication on the face of the complaint that the defendant is improperly reducing the amount of the requested fee awards. It makes no sense to read the IDEA as requiring the defendant to pay each and every fees request submitted by an attorney without any scrutiny or review. In short, the plaintiffs fail to allege that the defendant is violating a statutory right, and as such, their § 1983 claim must fail.[6]

### B. The Court Orders Further Briefing Regarding the Court-Appointed Educational Advocates

In addition to seeking dismissal of the plaintiffs' § 1983 claim, the defendant moves for summary judgment on the IDEA claims brought by the court-appointed educational advocates. Def.'s Mot. at 9. The defendant makes two principal arguments in support of its motion. First, the defendant argues that the court-appointed educational advocates (who have filed the suit as next friends of the District of Columbia wards) did not have the authority to initiate the due process hearings at DCPS and hence may not pursue attorneys' fees in this court. *Id.* at 9-12. Second, the defendant argues that "proceeding with lawyers in the same firm acting as both plaintiffs and counsel violates" D.C. Rule 3.7. *Id.* at 12-13. In response, the plaintiffs argue that the IDEA allows the court to award attorneys' fees to a guardian, and that the court-appointed educational advocates are "guardians for educational purposes." Pls.' Opp'n at 7. The plaintiffs also argue that "the [Family Division of the D.C. Superior Court] appointed the educational

---

[6] The court also notes that the plaintiffs' law firm has joined 19 separate and distinct attorneys' fees actions in one suit. Although "[m]isjoinder of parties is not ground for dismissal of an action," FED. R. CIV. P. 21, at first blush, the plaintiffs' claims do not appear to meet the requirements of governing permissive joinder, FED. R. CIV. P. 20. Because the defendant has not moved for severance, however, the court does not reach the issue at this juncture. *See also Hussain v. TCF Bank*, 2004 WL 1470282 (N.D. Ill. June 30, 2004).

advocates with the understanding that the attorney would seek fees from DCPS and not the Superior Court." *Id.* at 8.  Additionally, the plaintiffs argue that the exceptions to D.C. Rule 3.7 apply in the instant case and allow the attorneys to act as counsel of records and as plaintiffs. *Id.* at 9.  Though the plaintiffs' arguments may have some merit, sadly, they cite no authority whatsoever for the proposition that the court-appointed advocates qualify as guardians under the IDEA and for the proposition that the attorneys appointed by the D.C. Superior Court are entitled to seek fees from the defendant or from this court.

According to the IDEA, the court may award attorneys' fees to a "guardian." 20 U.S.C. § 1415(i)(3)(B)(1).  The IDEA, however, does not define the term guardian and the court is not confident that the plaintiffs representing the wards of the District of Columbia qualify as guardians for purposes of the IDEA.  Indeed, the court is not yet persuaded that the court-appointed educational advocates may seek fees from this court instead of the court which appointed them. *See* Superior Court Rule 42(d) and D.C. Code § 16-2326.01.  Additionally, even if the court becomes convinced that the educational advocates may seek attorneys' fees in this court, the plaintiffs have failed to demonstrate to the court's satisfaction that the D.C. Rules of Professional Conduct do not bar them from bringing the case.  The court accordingly orders the parties to submit supplemental memoranda analyzing the educational advocates' ability to collect attorneys' fees in this court and analyzing whether the court-appointed educational advocates may act as both plaintiffs and counsel of record pursuant to D.C. Rule 3.7.[7]

---

[7] The supplemental memoranda may also address any other issues relevant to the IDEA claims.

## IV.  CONCLUSION

For the foregoing reasons, the court grants in part and denies in part the defendant's motion for partial dismissal.  An order consistent with this Memorandum Opinion is issued this 20th day of March, 2007.

RICARDO M. URBINA  
United States District Judge