**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|                                                              |       |                          |
|--------------------------------------------------------------|-------|--------------------------|
| ESSIE BOWMAN,                                                | )     |                          |
|    next friend of minor child C.B., *et al*.,                | )     |                          |
|                                                              | )     |                          |
|              Plaintiffs,                                     | )     |                          |
|                                                              | )     |                          |
|              v.                                              | )     | Civ. No. 06-0016 (RMU)   |
|                                                              | )     |                          |
| DISTRICT OF COLUMBIA,                                        | )     |                          |
|                                                              | )     |                          |
|              Defendant.                                      | )     |                          |

_____)

**DEFENDANT'S SUPPLEMENTAL BRIEF**

On March 20, 2007, this honorable Court ordered the parties to "file supplemental briefs analyzing the educational advocates' ability to collect attorneys' fees in this court and analyzing whether court-appointed educational advocates may act as both plaintiffs and counsel of record pursuant to D.C. Rule 3.7…." (3/20/2007 Order at 1) The Court further ordered that the supplemental briefs could address any other issues relevant to the IDEIA claims. (*Id.* At 2) Defendant District of Columbia responds as follows:

**I.      Educational Advocates Appointed by the Family Division of the Superior Court of the District of Columbia Cannot Collect Attorney's Fees in the United States District Court for the District of Columbia.**

The Family Division of Superior Court of the District of Columbia ("Superior Court") has issued a comprehensive plan ("Plan") governing "the furnishing of legal services to parents, children, caretakers, custodians and guardians who have been deemed eligible to be represented by counsel, pursuant to D.C. Code Sec. 16-2304(b), in neglect proceedings." *See* Plan attached as Exhibit 1 to Def's Motion to Dismiss. Section II of the Plan describes how appointments under the Plan are made. Section B states, *inter*

*alia*, that "[t]he Court may also appoint a special education advocate to pursue the child's educational needs. Appointment of these attorneys is not subject to financial eligibility *but is subject to compensation limitations set forth in D.C. Code Sec. 16-2326.01.*" (Emphasis added) Among the limitations set forth in D.C. Code Sec. 16-2326.01 are the following:

> (c)(1)(4) **In cases where representation is furnished *other than before the Superior Court of the District of Columbia* or the District of Columbia Court of Appeals, *claims shall be submitted to the Superior Court of the District of Columbia which shall fix compensation and reimbursement to be paid.*** [Emphasis added]
>
> (f)(1) Claims for compensation and reimbursement in excess of the maximum amount provided in subsection (b) may be approved for *extended or complex representation* when the payment is necessary to provide fair compensation. *The request for payment shall be submitted by the attorney for approval by the chief judge of the **Superior Court of the District of Columbia*** upon recommendation of the presiding judge in the case. [Emphasis added]

Additionally, section II (D)(2)(c) of the Plan provides that "[a] request for excess compensation shall be submitted by the attorney for approval by the *Chief Judge of the Superior Court*…."

Clearly the Superior Court's Plan, as well as the D.C. Code, anticipates both that an educational advocate may need to represent the child being represented in Superior Court in forums other than the Superior Court, and that the representation of the child may be extended and complex. Contrary to plaintiffs' assertions in their Opposition, however, this would not mean that an entity other than the Superior Court is obligated to pay for the representation. The fact that in the past DCPS may have voluntarily authorized payment does not grant this Court jurisdiction to follow suit.

Further, nowhere in either the D.C. Code or in the Plan is there any authorization for an educational advocate, appointed by the Family Division of the Superior Court of

the District of Columbia, to seek compensation from any entity other than the Superior

Court.

### II.    Court Appointed Educational Advocates may not Act as Both Plaintiffs and Counsel of Record Pursuant to D.C. Rule 3.7.

The Superior Court's Plan concerning the appointment of educational advocates

appears to assume that the individual chosen will be an attorney.[1]  As such the Rules of

Professional Conduct are applicable to such educational advocates and, as previously

argued in defendant's Motion for Partial Dismissal and Reply to plaintiffs' Opposition to

said motion, Rule 3.7 would preclude counsel here from acting as both plaintiff and

counsel.  While the undersigned was unable to locate any case law on point concerning

educational advocates acting in the capacity of both attorney and witness, she located

such a case concerning guardians *ad litem* in child neglect cases.  In *SS v. D.M.*, *and J.S.*,

597 A.2d 870, 871 (DC Cir. 1991), the appellant argued, *inter alia,* that the trial judge

erred when he permitted a child's guardian *ad litem* "to perform the dual roles of attorney

and witness … in a custody proceeding, violating D.C. Rules of Professional Conduct

Rule 3.7.

While the court limited its review "to a determination of whether the error resulted in

a 'miscarriage of justice'…" because the appellant failed to object to the guardian *ad

litem* testifying as a witness at trial, the court nonetheless discussed in detail the Rules of

Professional Conduct and the prohibition against an attorney being a witness in a trial.  *SS

v. D.M.*, *and J.S.*, 597 A.2d at 874.  The court in *SS.* found persuasive appellant's

argument "that an attorney, as an advocate of one position, usually has an interest in the

outcome and does not make legal arguments from the witness stand.  When the same

---

[1] "The Court may also appoint a special education advocate to pursue the child's educational needs. Appointments *of these attorneys*…."  (Plan Section II (B))

person acts as attorney and witness, the attorney puts his or her credibility on the line and,

as an officer of the court, may well be viewed less critically than a lay witness." *SS v.*

*D.M.*, *and J.S.*, 597 A.2d at 877.  Indeed the court was just accepting the rationale behind

Rule 3.7:

> namely to avoid conflicts that arise when an attorney puts his or her own
> credibility at issue in litigation.  Such conflicts may prejudice the client
> when the attorney's testimony is impeached on cross-examination, or may
> prejudice the opposing party, when the attorney's testimony is given undue
> weight by the fact-finder as a result of his dual role.  n24 *See* Comments to
> Rule 3.7; *see also* <u>MacArthur v. Bank of New York,</u> 524 F. Supp. 1205
> <u>(S.D.N.Y.1981)</u> (rule protects both client and opposing party).  Violation of
> the Rule 3.7 creates, in effect, a rebuttable presumption of prejudice.

*Id.* At 877.  *See also* <u>Rosen v. NLRB,</u> 735 F.2d 564, 575 (D.C. Cir. 1984).

Here, where a threshold issue as to whether plaintiffs are entitled to attorneys'

fees concerns the authority and capacity of plaintiffs' counsel to act as plaintiffs here, any

testimony from plaintiffs' counsel would go to the heart of the proceeding, and

accordingly, Rule 3.7 would apply.

### III.    Plaintiffs' Complaint Fails to States a Claim Under the IDEIA and <u>Should Be Dismissed</u>.

Plaintiffs' Complaint, while it asserts jurisdiction generally under the Individuals

With Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. sec. 1400, *et*

*seq.*, (*See* Complaint, par. 1) fails to include any Count alleging that defendant violated

the plaintiffs' rights under the statute.  The Complaint contains only a factual recitation

that the plaintiffs were prevailing parties at due process hearings, that they submitted

petitions for attorneys' fees pursuant to the IDEIA, and that they did not receive the full

amount requested.  Even were this Court to accept the factual recitation as an allegation

of a violation of the IDEIA, the Complaint would still need to be dismissed since

plaintiffs have not established a predicate statutory violation.  "Only the court (and not the defendant) may award the plaintiffs reasonable attorneys' fees 20 U.S.C. Sec. 1415(i)(3)(B) (stating that the *court* may award reasonable attorneys' fees' in any district court proceeding to enforce IDEA rights)."  *Gray v. District of Columbia* Civ. No. 06-0144 (D.D.C.) (March 12, 2007 Memorandum Opinion at 8) [24].  Thus, since "plaintiffs do not have a statutory right to enforce until a court awards them attorneys' fees …[t]he complaint … cannot possibly be read to allege that the defendant is violating the plaintiffs' statutory rights." *Bowman v. District of Columbia* Civ. No. 06-016 (D.D.C.) (March 20, 2007, Memorandum Opinion at 6) [13].

Lastly, as the Court stated in its March 20, 2007, Memorandum Opinion, even if plaintiffs have a statutory right to collect attorneys' fees from the defendant absent a court order, "there is no indication on the face of the complaint that the defendant is improperly reducing the amount of the requested fee awards."  (*Bowman, supra,* Memorandum Opinion at 7.)[2]

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

---

[2] If the Court is in need of documentation regarding why the fee awards were reduced, defendant can supply the Court with the plaintiffs' attorneys' request for fees and the dispute sheets prepared by DCPS.

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.,   Sixth Floor North
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov

April 20, 2007