UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESSIE BOWMAN, *ex rel.,* C.B., *et al.,* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 06-016 (RMU) |

## PLAINTIFFS' SUPPLEMENTAL BRIEF

COMES NOW, the Plaintiffs, by and through counsel, and file this Supplemental Brief pursuant to this Court's Order on 20 March 2007. In the Order, the Court requested supplemental briefs analyzing two issues:

1. Whether the educational advocates have the ability to collect attorneys' fees in this Court?

2. Whether the educational advocates may act as both plaintiffs and counsel of record pursuant to D.C. Rule 3.7?

In support of the position that the educational advocates can collect attorneys' fees in this Court and that the educational advocates may act as both plaintiffs and counsel of record without violating D.C. Rule 3.7, the Plaintiffs submit the following arguments and legal authority.

**I.     The Court Appointed Educational Advocates Meet the Definition of a "Parent" and thus have the Ability to Collect Attorneys' Fees in this Court.**

Pursuant to the IDEA, this Court may award attorneys' fees to "a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(1). The federal regulations define the term "parent."

> (a) Parent means --
>     (1) A biological or adoptive parent of a child;
>     (2) A foster parent, unless State law, regulations, or contractual obligations with a State or local entity prohibit a foster parent from acting as a parent;
>     (3) A guardian generally authorized to act as the child's parent, or authorized to make educational decisions for the child (but not the State if the child is a ward of the State);
>     (4) An individual acting in the place of a biological or adoptive parent (including a grandparent, stepparent, or other relative) with whom the child lives, or an individual who is legally responsible for the child's welfare; or
>     (5) A surrogate parent who has been appointed in accordance with § 300.519 or section 639(a)(5) of the Act.
>
> (b) (1) Except as provided in paragraph (b)(2) of this section, the biological or adoptive parent, when attempting to act as the parent under this part and when more than one party is qualified under paragraph (a) of this section to act as a parent, must be presumed to be the parent for purposes of this section unless the biological or adoptive parent does not have legal authority to make educational decisions for the child.
>
> (2) If a judicial decree or order identifies a specific person or persons under paragraphs (a)(1) through (4) of this section to act as the "parent" of a child or to make educational decisions on behalf of a child, then such person or persons shall be determined to be the "parent" for purposes of this section.

34 C.F.R. § 300.30.

Additionally, the regulations that address "Procedural Safeguards and Due Process Procedures for Parents and Children" and outline the procedures for filing due process complaints further define the criteria of a court appointed surrogate parent or guardian:

>   (c) Wards of the State. In the case of a child who is a ward of the State, the surrogate parent alternatively may be appointed by the judge overseeing the child's case, provided that the surrogate meets the requirements in paragraphs (d)(2)(i) and (e) of this section.
>
>   (d) Criteria for selection of surrogate parents.
>       (1) The public agency may select a surrogate parent in any way permitted under State law.
>       (2) Public agencies must ensure that a person selected as a surrogate parent–
>           (i) Is not an employee of the SEA, the LEA, or any other agency that is involved in the education or care of the child;
>           (ii) Has no personal or professional interest that conflicts with the interest of the child the surrogate parent represents; and
>           (iii) Has knowledge and skills that ensure adequate representation of the child.

34 C.F.R. § 300.519.

Pursuant to 34 C.F.R. § 300.519, "The surrogate parent may represent the child in all matters relating to (1) [t]he identification, evaluation, and educational placement of the child; and (2) [t]he provision of FAPE to the child." 34 C.F.R. § 300.519(g). There is nothing in IDEA that prohibits a court appointed educational advocate from filing a due process complaint for a violation of FAPE or from later seeking an award of attorneys' fees if the advocate prevails at the due process hearing.

In the instant case, the District of Columbia Superior Court appointed counsel to serve as the educational advocates for Plaintiffs who are wards of the District of Columbia. The Superior Court issued orders which clearly defined the educational advocates' duties. These orders, which Plaintiffs filed as an attachment to their Opposition to Defendant's Motion to Dismiss, specifically state that counsel are charged with the duty to "facilitate and determine the educational needs of the Respondent and to insure that he is properly placed." The orders further explain that counsel are "appointed as Guardians, Limited for Educational Purposes...in order to

authorize testing, screening, and *whatever else is necessary* to perform the duties incidental to the appointment." Pl's Ex. 1[1] (emphasis added).

According to the plain text of the orders naming counsel as court appointed educational advocates, the advocates are deemed guardians for purposes of education for the student. The educational advocates clearly meet the definition of a parent pursuant to 34 C.F.R. § 300.30(a)(3) and (b)(2). Having prevailed at the administrative due process hearing and having met the definition of a "parent," the advocates are permitted to seek attorneys' fees pursuant to 34 C.F.R.§ 300.517(a)(1)(i).

## II. A Court Appointed Educational Advocate May Act as Both Plaintiff and Counsel of Record without Violating D.C. Rule 3.7.

The attorneys' roles as both Plaintiffs and counsel in the instant case does not violate Rule 3.7 of the District of Columbia Rules of Professional Conduct. Rule 3.7 states:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>> (1) The testimony relates to an uncontested issue;
>> (2) The testimony relates to the nature and value of legal services rendered in the case; or
>> (3) Disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may not act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness if the other lawyer would be precluded from acting as advocate in the trial by Rule 1.7 or Rule 1.9. The provisions of this paragraph (b) do not apply if the lawyer who is appearing as an advocate is employed by, and appears on behalf of, a government agency.

This Court recently held that the District of Columbia Model Rules of Professional Conduct Rule 3.7 is not as rigid as the Defendant portrays it to be. *See United States of America,*

---

[1] Plaintiffs' Exhibit 1, the Superior Court Orders appointing counsel as Plaintiffs' educational advocates, was previously filed with the Plaintiffs' Opposition to Defendant's Motion to Dismiss.

*ex rel. Miller v. Bill Harbert International Construction, Inc., et al.*, No. 95-1231, 2007 U.S. Dist. LEXIS 18952 (D.D.C., Mar. 19, 2007).  Referencing the comments to rule 3.7, this Court recognized that in order to determine whether an attorney is required to withdraw under the rule, the court must conduct a balancing test between the interests of the client and those of the opposing party.  The inquiry of prejudice "depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses."  *Miller v. Harbert*., 2007 U.S. Dist. LEXIS 18952, at *21 (D.D.C., Mar. 19, 2007) *citing* D.C. Model Rules of Prof. Conduct R. 3.7 cmt. 4 (2007).   In cases where plaintiffs' counsel may be required to testify, but the testimony will be limited to factual issues, the balancing of interests falls in the plaintiffs' favor.  Accordingly, "It strains credulity at this point that innocuous fact-based evidence...would prejudice the defendant in any way."  *Miller v. Harbert*, 2007 U.S. Dist. LEXIS 18952, at *21.

In the instant case, the possible testimony of counsel will not prejudice the Defendant. The only testimony that counsel may have to provide relates to factual matters regarding the legal services rendered in the underlying cases, and the fact that the Defendant owes attorneys' fees to the Plaintiffs.  The testimony, therefore, will be limited to issues regarding the court appointments, authorization to bring due process complaints, or invoices submitted for attorneys' fees.  Making this testimony even less prejudicial is the fact that the attorneys' fees owed to the Plaintiffs is an uncontested issue.  The Defendant has not contested that the Plaintiffs were the prevailing parties at the due process hearing, that the Plaintiffs submitted invoices to DCPS for payment, or that DCPS has not paid the invoices in full.

Attorneys for the Plaintiffs, in some cases, have been representing the Plaintiff students for many years, through multiple due process hearings. Thus, even if the Court finds that the Defendant may be slightly prejudiced by the testimony of counsel, any prejudice to the Defendant would pale in comparison to the prejudice to Plaintiffs in requiring that the attorneys withdraw from the case. *See Miller v. Harbert*, 2007 U.S. Dist. LEXIS 18952, at *21 (finding that requiring the withdrawal of attorneys who have been a part of the case for many years would have a "disastrous effect" on the plaintiffs). The Plaintiffs' attorneys understand the complexity and intricacies of special education law and have extensive experience in a field with which most attorneys are unfamiliar. This is the very reason why the Superior Court appointed counsel as educational advocates in the first place. To hold that the advocates are not permitted to recover fees, for taking the very actions necessary to carry out their duty to ensure that the Plaintiffs receive an appropriate education, would significantly impede the abilities of the Plaintiffs to receive effective representation.

**III.** **Even if Rule 3.7 Excluded the Court Appointed Advocates from Acting as Both Plaintiffs and Counsel of Record, the Advocate Could Withdraw as Counsel, Allowing the Suit to Continue.**

Even if this Court determines that Mr. Houston's status as court appointed educational advocate warrants disqualification under Rule 3.7, the other attorneys of record, Mr. Dalton and Mrs. Dalton, may proceed to trial. It has been established that, while Rule 3.7 may disqualify trial counsel, "it does not by its terms disqualify members of a potential lawyer-witness's firm from representing the client through pretrial motions." *Canfield v. Stone*, No. 93-1022, 1993 U.S. Dist. LEXIS 15491, at *3 (D.D.C. 1993). Accordingly, Mr. and Mrs. Dalton are not disqualified

merely because they are members of the same firm as Mr. Houston, and therefore they are permitted to proceed with pretrial motions.

Additionally, pursuant to Rule 3.7(b), Mr. Houston would not be precluded from acting as advocate in the trial by Rule 1.7 or Rule 1.9, which lay out the conflict of interest standard. In this case, there exists no conflict of interest.

As stated above, the attorneys in this case have represented some of the Plaintiffs for many years, and the Court "should refrain from prohibiting clients from seeking representation from lawyers or firms who have served them well in the past unless there is good cause to do so." *Canfield*, 1993 U.S. Dist. LEXIS 15491, at *4 (D.D.C. 1993). Furthermore, this jurisdiction has made the distinction between representation at trial and representation before trial, where no testimony is taken. *See id.* at *3; *Moyer v. 1330 Nineteenth Street Corp.,* 597 F.Supp 14, 17 (D.D.C. 1984). Since it is unclear at this time whether a trial will be necessary, and whether Mr. Houston would need to testify, it is premature to bar Mr. Houston, or any other attorneys of record, at this stage of the litigation.

**IV.    The Doctrine of Estoppel Bars the Defendant from Arguing that Court Appointed Educational Advocates Cannot Collect Attorneys' Fees Pursuant to IDEA Claims.**

The Defendant is barred by the doctrine of estoppel from arguing that the educational advocates cannot bring IDEA claims and seek attorneys' fees, because the Defendant has acted in direct contradiction to this assertion in past dealings with the Plaintiffs.

> The doctrine of judicial estoppel is that where a party successfully urges a particular position in a legal proceeding, it is estopped from taking a contrary position in a subsequent proceeding where its interests have changed. *Davis v. Wakelee*, 156 U.S. 680, 689, 39 L. Ed. 578, 15 S. Ct. 555 (1895); *Wang Lab., Inc. v. Applied Computer Sciences, Inc*., 958 F.2d 355, 358 (Fed. Cir. 1992). Judicial

> estoppel is designed to prevent the perversion of the judicial process and, as such, is intended to protect the courts rather than the litigants.

*Data Gen. Corp. v. Johnson*, 78 F.3d 1556, 1565 (Fed. Cir. 1996)

Members of the undersigned counsel's firm have acted as court appointed educational advocates for many years. In carrying out their court appointed duties, these counsel have brought IDEA due process complaints against DCPS. In all of the due process hearings underlying the instant Complaint, the Defendant never once raised the issue that the court appointed advocates did not have the authority to file a due process complaint on behalf of the wards that they represent. In fact, it is the practice of the Defendant at the due process hearing to request a copy of the court order appointing counsel as educational advocate, and then proceeding with the due process hearing without objection regarding the authority of the court appointed advocate to bring the claim. The Defendant is estopped from taking this position now simply because it suits their interests to do so.

The United States Court of Appeals for the District of Columbia Circuit has also previously stated,

> [I]n determining whether to interpose the bar of equitable estoppel, [the court] must consider all the factors of the particular case at bar, the parties involved, the effect of the ultimate decision on third parties who are not before the court, the nature of the rights sought to be vindicated and, as well, public policy as expressed by pertinent statutes and prior judicial declarations.

*Sears v. Sears*, 293 F.2d 884, 887 (D.C. Cir. 1961).

When counsel for Plaintiffs submitted invoices for attorneys' fees to DCPS for payment of the court appointed educational advocates' services, DCPS has never refused payment based on the argument that it is improper for court appointed educational advocates to collect attorneys' fees. DCPS has even submitted partial payment on the invoices which are the subject of the

Amended Complaint.  *See* Amended Complaint ¶¶ 12-15, 24-27, 36-39, 52-55, 76-79, 84-87.  The Plaintiffs' are now seeking the remainder of the attorneys' fees owed to them.  The Defendant cannot now argue, after paying a portion of the Plaintiffs' fees, that Plaintiffs' are due no fees at all.  It is against public policy and will have a detrimental effect on other wards of the District of Columbia if this Court were to hold that the advocates are not permitted to recover fees.  Such a holding will significantly impede the abilities of the Plaintiffs and other wards to receive effective representation in pursuing claims under IDEA.

## **CONCLUSION**

For the reasons set forth in the Plaintiffs' Opposition to the Defendant's Motion to Dismiss and based on the arguments and legal authority in this Supplemental Brief, the Plaintiffs request that this Court deny the Defendant's Motion to Dismiss.

DATE: April 20, 2007                             Respectfully submitted,
                                                 Counsel for Plaintiffs

                                                 _____/s/_____
                                                 Paul S. Dalton, Esq. (Bar. No. 439118)
                                                 DALTON, DALTON & HOUSTON, P.C.

                                                 _____/s/_____
                                                 Ellen Douglass Dalton, Esq. (Bar. No. 411612)
                                                 DALTON, DALTON & HOUSTON, P.C.

                                                 _____/s/_____
                                                 William E. Houston, Esq. (Bar. No. 450223)
                                                 DALTON, DALTON & HOUSTON, P.C.

                                                 1008 Pendleton Street
                                                 Alexandria, VA 22314
                                                 (703) 739-4300
                                                 (703)-739-2323 (fax)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document was filed electronically, on this 20th day of April, 2007.

_____/s/_____
PAUL S. DALTON, Esq.
Counsel for the Plaintiffs