UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ESSIE BOWMAN,<br>  next friend of minor child C.B., *et al.*,<br><br>       Plaintiffs,<br><br>       v.<br><br>DISTRICT OF COLUMBIA,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 06-0016 (RMU)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL BRIEF**

On March 20, 2007, this honorable Court ordered the parties to "file supplemental briefs analyzing the educational advocates' ability to collect attorneys' fees in this court and analyzing whether court-appointed educational advocates may act as both plaintiffs and counsel of record pursuant to D.C. Rule 3.7…."  (3/20/2007 Order at 1)  The parties filed their respective briefs on April 20, 2007.  Defendant comes now, by counsel, to file its Opposition.

**I.**     **Court Appointed Education Advocates are Not "Parents" pursuant to the IDEIA and Do Not Have the Ability to Collect Attorneys' Fees in This Court.**

Plaintiffs claim that despite only being appointed as "educational advocates" by the D.C. Superior Court, Family Division, to represent individual children in proceedings in that court, they nonetheless, meet the definition of "parent" under the Individuals With Disabilities Education Improvement Act of 2004 (" IDEIA"), 20 U.S.C. Sec. 1400 *et seq.*, for the purpose of collecting attorneys' fees in this Court.  (Supplemental Brief at 2-4) Plaintiffs are mistaken.

20 U.S.C. 1401 (23) defines a "parent" as follows:

(A) a natural, adoptive, or foster parent of a child (unless a foster parent is prohibited by State law from serving as a parent):

(B) a guardian (but not the State if the child is a ward of the State);

(C) an individual acting in the place of a natural or adoptive parent (including a grandparent, stepparent, or other relative) with whom the child lives, or an individual who is legally responsible for the child's welfare; or

(D) except as used in sections 615(b)(2) and 639(a)(5), an individual assigned under either of those sections to be a surrogate parent.

Plaintiffs appear to argue that they meet the definition of "surrogate parent" though they fail to explain how. While it is true that "in the case of a child who is a ward of the State, [a] surrogate parent [] may be appointed by the judge overseeing the child's case…" or by a public agency, (34 CFR Sec. 300.519) there is no indication here that plaintiffs were appointed as anything other than "educational advocates" by a DC Superior Court Judge. Nor have plaintiffs presented any evidence that any agency appointed them as a surrogate parent to any of the minor plaintiffs. Plaintiffs' counsel merely reiterate that the "District of Columbia Superior Court appointed counsel to serve as the educational advocates for Plaintiffs who are wards of the District of Columbia…" and that the orders appointing them stated that their appointment was "Limited for Educational Purposes…." (Supplemental Brief at 3)

While plaintiffs cite 34 CFR Sec. 300.30 to bolster their argument that they qualify as "parents," the mere fact that they were appointed educational advocates does not make them "guardians' as the term is used in the federal regulation. In a Family Court proceeding involving a minor child who is a ward of the District of Columbia, the

2

court appoints a *guardian ad litem*[1] to represent the interests of the child. It is this person, if any, who would be "authorized to act as the child's parent," representing the best interests of the child. (34 CFR Sec. 300.30(a)(3)). There is no indication in either the IDEIA or the federal regulations, that a court is empowered to appoint two persons, both of whom would act as the "parent." Nor can plaintiffs' counsel be considered the minors' "guardian" in any legally consequential sense here. As plaintiffs noted in their Opposition to defendant's Motion for Partial Dismissal, "CFSA is the legal guardian of the minor Plaintiffs who are wards of the District of Columbia." (Opposition at 5)

Nonetheless, should this Court conclude that educational advocates meet the definition of "parent," pursuant to the IDEIA, plaintiffs' counsel would still be ineligible to collect attorneys' fees in this Court. Case law is clear that attorneys' fees may not be awarded for legal service performed by an attorney/parent who obtains special education benefits for his/her child under the IDEIA. *Woodside v. The School District of Philadelphia Board of Education,* 248 F.3d 129, 131 (3rd Cir 2001); *Doe v. Board of Education of Baltimore County,* 165 F.3d 260, 264 (4th Cir. 1998), cert. denied, 526 U.S. 1159 (1999). *See also Kay v. Ehrler,* 499 U.S. 432 (1991).

## II.    A Court Appointed Educational Advocate is Prohibited From Acting as Both Plaintiff and Counsel of Record Pursuant to D.C. Rule 3.7.

Plaintiffs' counsel allege that they should be permitted to act as both plaintiffs-- parents and next friend of a number of wards of the District of Columbia -- and counsel of record in the instant case. In their Supplemental Brief they cite the case of *Miller v. Harbert,* 2007 U.S. Dist. LEXIS 18952 (D.D.C., March 19, 2007), in support of their

---

[1] Plaintiffs do not dispute that the DC Superior Court appointed guardians ad litem for each of the minor wards of the District named here.

proposition. (Supplemental Brief at 5-6) While it is true that in *Miller* the Court determined that there would be no violation of Rule 3.7, it did so under circumstances very different than those present in this case.

In *Miller,* a case that was in its twelfth year at the time a determination was made concerning a disqualification issue, defendant argued not only that plaintiffs' counsel who might testify must withdraw from the case altogether, but also the rest of the law firm (Wilmer Hale), because it stood to gain financially from the lawsuit. The honorable Judge Lamberth concluded that because the proposed testimony was "innocuous fact-based evidence of the *government's* knowledge" there would be no prejudice to the defendant in permitting the testimony. *Miller v. Harbert,* 2007 U.S. Dist. LEXIS 18952 at *21. Judge Lamberth further concluded that there would be a "disastrous effect [on plaintiffs in] requiring three attorneys and one entire law firm who have been part of this case for twelve years to withdraw on the eve of trial." *Id.*

The circumstances in the present case are not at all comparable to those in *Miller.* Defendant does not intend to question plaintiffs' counsel about "innocuous fact based evidence," nor will it limit its questions to those outlined in plaintiffs' Supplemental Brief. Rather, counsel will be examined, among other things, as stated in defendant's Motion for Partial Dismissal, on the documents and details relating to (1) their appointment, and the scope of their appointment, by the Superior Court – matters that bear directly on their authority from that court to appear in this Court in this action; (2) who authorized them to institute due process proceedings at DCPS and/or with whom they had retainer or other arrangements – also matters bearing on their status as next friend plaintiffs; (3) whether there are other Superior Court-appointed representative for

4

the children involved, and whether children's guardians *ad litem* (or anyone else) authorized counsel to appear as next friend plaintiffs in this action; (4) the reasons why they were substituted as next friend plaintiffs for the earlier (improper) designation of CFSA; (5) whether they have requested reimbursement for the services they are claiming here from the Superior Court, and whether payments have been received.

Further, while plaintiffs continue to insist that "the fact that the attorneys' fees owed to the Plaintiffs is an uncontested issue…," defendant has conceded no such thing. Defendant has yet even to answer the allegations in the Amended Complaint, and indeed will contest the propriety of the fee claims asserted. But more importantly, the threshold "issue" that would be pursued if plaintiffs are permitted to continue with this case is not the fee details, as they contend, but the authority and capacity of the plaintiffs' counsel to act as plaintiffs here.

Plaintiffs have not established how they will be prejudiced should the instant case be dismissed, as they have another venue to turn to for payment, the DC Superior Court which appointed them as educational advocates, and to which, defendant has argued, they should look for fee payments.

### III. Rule 3.7 should apply to all members of the law firm of Dalton, Dalton and Houston.

On the one hand, plaintiffs claim that should this Court disqualify Mr. Houston from proceeding with this case, the other attorneys of record, Mr. and Mrs. Dalton, should be permitted to proceed to trial. (Supplemental Brief at 6) However, as plaintiffs also state, "the attorneys in this case have represented some of the Plaintiffs for many years…." (Supplemental Brief at 7) This is not the only case that plaintiffs' counsel has filed, wherein they were appointed educational advocates by

5

DC Superior Court and now seek fees in the United States District Court for the District of Columbia. To mention but two, *see Jackson v. District of Columbia,* Civ. No. 07-0138 (D.D.C.), and *Billups vs. District of Columbia,* Civ. No. 07-0367 (D.D.C) Accordingly, since all three attorneys are named here as attorneys of record, and all three have been appointed educational advocates to represent wards of the District of Columbia, defendants would seek to depose all three. Thus Rule 3.7 (b)[2] clearly applies to the instant case and no exception to Rule 3.7 exists to permit counsel to proceed as both plaintiffs and counsel of record in this case. The testimony to be elicited is not uncontested, it does not relate to the nature and value of legal services rendered in the case, and it would not work a substantial hardship on the client. While minor children are named as plaintiffs in the case, the true party in interest is the attorneys here. This is simply a case concerning the recovery of attorneys' fees. Should the instant case be dismissed, these attorneys would have recourse through the DC Superior Court, Family Division that appointed them.[3]

**IV.    Defendant is Not Barred By the Doctrine of Estoppel From Arguing that Court Appointed Educational Advocates Cannot Collect Attorney's Fees Pursunt to IDEIA Claims.**

Plaintiffs assert that defendant is barred by the doctrine of estoppel from arguing that educational advocates cannot bring IDEIA claims and seek attorneys' fees, because plaintiffs have previously submitted invoices to DCPS and have been paid. Defendant fully briefed this issue in its April 21, 2006, Reply to plaintiffs' Opposition to defendant's

---

[2] Rule 3.7(b) states that: " A lawyer may not act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness . . . ."

[3] After the Supreme Court in *Arlington Cent. Sch. Dist. Bd. Of Educ. v. Murphy,* 126 S. Ct. 2455, 2457 (2006) ruled that prevailing parents cannot recover expert fees in IDEIA cases DCPS stopped making payments for these costs. It is the undersigned's understanding that attorneys appointed by DC Superior Court to represent wards of the District are now requesting and being granted reimbursement for such costs by the Family Division of the DC Superior Court.

Motion for Partial Dismissal, at pp. 10-12, and will not repeat those arguments here.

Defendants will only add that while it is true that DCPS has in the past paid attorneys' fees to educational advocates, it is not true that this was done without reservation. However, because there has been no court ruling to date prohibiting such payments, DCPS has felt obligated to pay.   Whether DCPS payments to educational advocates have been made as a matter of policy judgment, or based on a mistaken view of the applicable law, neither circumstance is a valid basis for barring a consideration of the arguments advanced by the defendant in this case.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    /s/ Edward P. Taptich
    EDWARD P. TAPTICH [012914]
    Chief, Equity, Section 2

    /s/ Maria L. Merkowitz
    MARIA L. MERKOWITZ [312967]
    Senior Litigation Counsel
    441 4th Street, N.W.,   Sixth Floor South
    Washington, DC 20001
    (202) 442-9842
    FAX  -  (202) 727-3625
    E-mail – maria.merkowitz@dc.gov

May 21, 2007