# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ESSIE BOWMAN**,** *ex rel.,* C.B., *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.  06-016 (RMU) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### PLAINTIFFS' OPPOSITION TO DEFENDANT'S SUPPLEMENTAL BRIEF

COMES NOW, the Plaintiffs, by and through counsel, and file this Opposition to the Defendant's Supplemental Brief pursuant to this Court's Order on 20 March 2007.

**I.    Defendant is Incorrect in Asserting that Educational Advocates Appointed by the District of Columbia Superior Court Cannot Collect Attorney's Fees in Federal Court Under IDEA.**

In its supplemental brief, the Defendant claims that the Plaintiffs who are court appointed educational advocates should not be permitted to collect fees in this Court because the Family Division of the District of Columbia Superior Court has issued a comprehensive plan ("Plan") for payment.  Rules of the District of Columbia Superior Court, however, do not trump the federal law, and pursuant to the IDEA, this Court may award attorneys' fees to "a prevailing party who is the parent of a child with a disability."  20 U.S.C. § 1415(i)(3)(B)(1).

The Defendant argues that the Plan anticipates both that an educational advocate may need to represent the child in forums other than the Superior Court, and that the representation may be extended and complex, and therefore court appointed educational advocates are bound by the Plan.  While the Plan may provide a framework for proceedings before the Superior Court,

and for proceedings in other forums, it cannot be read to apply to situations that are already dictated by federal law.

The IDEA very clearly states that a parent may seek reimbursement for attorneys' fees after prevailing in an administrative due process hearing.  The federal regulations define the term parent to include guardians authorized to make educational decisions for the child and surrogate parents appointed in accordance with §300.519.  *See* 34 C.F.R. § 300.30.  In the instant case, the District of Columbia Superior Court appointed counsel to serve as the educational advocates for Plaintiffs who are wards of the District of Columbia.  The Superior Court issued orders which specifically state that the advocates are appointed as Guardians, Limited for Educational Purposes.  Therefore, the advocates meet the definition of a parent under IDEA.

Since the federal law indicates that parents may seek reimbursement for attorneys' fees after prevailing in administrative proceedings under IDEA, and the Plaintiffs in the instant suit meet the definition of parents, District of Columbia Superior Court guidelines cannot act as a bar to reimbursement under IDEA.  The Supremacy Clause and the rules of Federal Preemption stand for the proposition that federal law will always trump state law in the event of a conflict.  Since IDEA is a federal law, the guidelines of the Superior Court may not interfere with any provisions of the law, including the provision regarding reimbursement for attorneys' fees.

## II.    Defendant is Incorrect in Asserting that Court Appointed Educational Advocates Cannot Act as Both Plaintiffs and Counsel of Record Pursuant to D.C. Rule 3.7.

Rule 3.7 does not preclude counsel in the instant case from acting as both plaintiff and counsel.  Defendant, in its supplemental brief, attempts to refute this position by referring to case law concerning guardians *ad litem* in child neglect cases assuming the dual roles of attorney and

witness.  The case of *S.S. v. D.M, and J.S.*, cited by the Defendant, discussed how the Rules of

Professional Conduct prohibit an attorney from being a witness in a trial.  The reason, as noted

by the Defendant, is because the attorney puts his or her credibility on the line by acting as a

witness, and as a result the client may be prejudiced if the attorney's testimony is impeached, or

in the alternative the attorney's testimony may be given undue weight.

This Court has recognized that in order to determine whether an attorney is required to

withdraw under the rule, the court must conduct a balancing test between the interests of the

client and those of the opposing party.  And where the testimony Plaintiffs' counsel may give is

limited to factual issues, the balancing of interests falls in the Plaintiffs' favor.  This is because

fact-based evidence would not prejudice the Defendant in any way.  *See generally Miller v.*

*Harbert*, 2007 U.S. Dist. LEXIS 18952.

In the instant case, there is no question that the Defendant will not be prejudiced by the

possible testimony of counsel.  The only testimony that counsel may have to provide relates to

factual matters regarding the legal services rendered in the underlying cases, and the fact that the

Defendant owes attorneys' fees to the Plaintiffs.  While the Defendant is correct that the

threshold issue is whether Plaintiffs are entitled to attorneys' fees, it is incorrect in asserting that

any testimony from Plaintiffs' counsel would prejudice the proceedings.  There is very little

debate regarding the facts of this case, and instead the controversy is really in differing

interpretations of the law.  Therefore any factual testimony that Plaintiffs' counsel might tender

in this case will not prejudice the Defendant and therefore would be allowed under Rule 3.7.

III.    **Plaintiff's Complaint Does State a Claim Under the IDEA and Should Not be Dismissed.**

The Defendant has violated the rights of the Plaintiffs under the IDEA by failing to reimburse their attorneys' fees in accordance with the statute.  The Defendant relies on the case of *Gray v. District of Columbia* to assert that there is no violation in this case because the court, and not the Defendant is responsible for awarding attorneys' fees.  Civ. No. 06-0144 (D.D.C.) (March 12, 2007 Memorandum Opinion).  However, that decision is currently being appealed in the United States Court of Appeals for the District of Columbia Circuit, because it is the Plaintiffs' contention that the district has set up a system for awarding attorneys' fees that does not include petitioning the Court, and therefore the Defendant is barred from asserting the lack of a petition as a defense.

The Plaintiffs have followed the DCPS guidelines to obtain reimbursement for attorneys' fees after prevailing in administrative due process hearings.  The Defendant, however, has refused to reimburse these fees in violation of the IDEA.  Accordingly, the complaint should not be dismissed.

## <u>CONCLUSION</u>

For the reasons set forth in the Plaintiffs' Opposition to the Defendant's Motion to Dismiss and based on the arguments and legal authority in its Supplemental Brief, and this Opposition to the Defendant's Supplemental Brief, the Plaintiffs request that this Court deny the Defendant's Motion to Dismiss.

DATE: May 22, 2007                     Respectfully submitted,
                                       Counsel for Plaintiffs

                        _____/s/_____
                        Paul S. Dalton, Esq. (Bar. No. 439118)
                        DALTON, DALTON & HOUSTON, P.C.

                        _____/s/_____
                        Ellen Douglass Dalton, Esq. (Bar. No. 411612)
                        DALTON, DALTON & HOUSTON, P.C.

                        _____/s/_____
                        William E. Houston, Esq. (Bar. No. 450223)
                        DALTON, DALTON & HOUSTON, P.C.

                        1008 Pendleton Street
                        Alexandria, VA 22314
                        (703) 739-4300
                        (703)-739-2323 (fax)


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was filed electronically,
on this 22nd day of May, 2007.


            _____/s/_____
                    PAUL S. DALTON, Esq.
                    Counsel for the Plaintiffs