**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ESSIE BOWMAN *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: 06-0016 (RMU) |
| | : | |
| v. | : | Document No.:   3 |
| | : | |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

**GRANTING THE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT[1]**

**I.  INTRODUCTION**

The plaintiffs, minor children and their parents, guardians and court-appointed education advocates, bring this action to collect unpaid attorneys' fees and other costs pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*.  Because education advocates proceeding *pro se* may not recover attorneys' fees under the IDEA, the court grants the defendant's motion for partial summary judgment for the claims brought by William Houston and Laura Duos in their representation of the minor children P.C., K.J., M.C., V.H., J.C. and D.L.

**II.  BACKGROUND**

The plaintiffs are 19 minor children and their parents, guardians and court-appointed education advocates.  Am. Compl. ¶¶ 2, 4, 8, 12, 16, 24, 28, 36, 40, 48, 52, 60, 64, 68, 72, 76, 80,

---

[1] Although the defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), if, in considering a Rule 12(b)(6) motion, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ."  *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003).

84, 88. Six of the 19 children are wards of the District of Columbia. *Id.* ¶¶ 12, 24, 36, 52, 76, 84. Court-appointed education advocates William Houston and Laura Duos represent these six children. *Id.* The Family division of the Superior Court of the District of Columbia also appointed the education advocates as "Guardian[s], Limited for Educational Purposes." Pls.' Opp'n to Def.'s Mot. to Dismiss ("Pls.' Opp'n"), Ex. 1; Praecipe Ex. 1. According to the caption in the complaint, they bring the instant suit as next friends of the children.

Beginning on October 14, 2003 and continuing through August 20, 2004, all of the plaintiffs initiated administrative hearings to address their due process claims[2] against the District of Columbia Public Schools ("DCPS"). Am. Compl. ¶¶ 2, 4, 8, 12, 16, 24, 28, 36, 40, 44, 48, 52, 56, 60, 64, 68, 72, 76, 80, 84, 88. The plaintiffs allege that they were the prevailing parties against DCPS in these hearings. *Id.* As such, they submitted petitions for attorneys' fees to DCPS. *Id.* ¶¶ 5, 9, 13, 17, 25, 29, 37, 41, 45, 49, 53, 57, 61, 65, 69, 73, 77, 81, 85, 89. Because DCPS did not reimburse the plaintiffs for the full amount requested,[3] the plaintiffs bring the instant suit seeking $8,728.50 in unpaid attorneys' fees and costs. *Id.* ¶ 19.

On January 1, 2006, the plaintiffs brought suit pursuant to the IDEA and 42 U.S.C. § 1983. *Id.* ¶ 1. The court granted partial summary judgment in favor of the defendants on the § 1983 claim. *Bowman v. Dist. of Columbia*, 477 F. Supp. 2d 217 (D.D.C. 2007). The court also ordered the parties to submit supplemental briefs analyzing the ability of court-appointed education advocates to collect attorneys' fees and addressing whether court-appointed advocates

---

[2] The "IDEA guarantees parents of disabled children an opportunity to participate in the identification, evaluation, or educational placement of their children." *Calloway v. Dist. of Columbia*, 216 F.3d 1, 3 (D.C. Cir. 2000). Parents who disagree with the identification, evaluation, or educational placement of their children may request an administrative "impartial due process hearing." 20 U.S.C. § 1415(f).

[3] With the exception of T.P., DCPS has paid, to varying degrees, a portion of the requested amounts to the plaintiffs. With respect to T.P., DCPS has paid no attorneys' fees. *See generally* Am. Compl. & Prayer for Relief.

may act as both plaintiff and counsel pursuant to Rule 3.7 of the District of Columbia Rules of Professional Conduct. *Id*. at 222.

### III.  ANALYSIS

The defendant argues that court-appointed educational advocates cannot collect fees in the United States District Court for the District of Columbia. Def.'s Mot. for Partial Dismissal ("Def.'s Mot.") at 8. For the reasons that follow, the court dismisses the court-appointed education advocates' IDEA claims.

#### A.  Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.*

The nonmoving party may defeat summary judgment through factual representations made in a sworn affidavit if he "support[s] his allegations . . . with facts in the record," *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (quoting *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993)), or provides "direct testimonial evidence," *Arrington v. United States*, 473 F.3d 329, 338 (D.C. Cir. 2006). Indeed, for the court to accept anything less "would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial." *Greene*, 164 F.3d at 675.

### B. The Defendant's Arguments are Not Barred by Estoppel

As a preliminary matter, the plaintiffs contend that the defendant is estopped from arguing that the IDEA precludes attorney fees for education advocates. Pls.' Supp. Br. at 7. The plaintiffs point to the defendant's failure to raise its arguments in the due process hearings and the defendant's partial payment for educational advocates' attorneys' fees. *Id.* at 8. The defendant does not contest these facts, but it asserts that "estoppel will not lie against the Government in the absence of a showing of 'affirmative misconduct,'" and making partial payments does not amount to "affirmative misconduct." Def.'s Reply at 11-12 (citing *Larouche v. Fed. Election Comm'n*, 28 F.3d 137, 142 (D.C. Cir. 1994)). Although the plaintiffs had the opportunity to address whether the defendant's conduct amounted to "affirmative misconduct," the plaintiffs failed to do so, simply restating their initial arguments and citing only to case law applying estoppel to private parties. Pls.' Supp. Br. at 7-8.

The traditional elements of equitable estoppel include "one person making a definite

misrepresentation of fact to another person" who reasonably relies on that misrepresentation to his detriment. *Smith v. United States*, 277 F. Supp. 2d 100, 115 (D.D.C. 2003) (quoting *Heckler v. Cmty. Health Servs.*, 467 U.S. 51, 59 (1984)).  Because the plaintiffs fail to provide evidence that the failure to raise arguments during the due process hearings or the partial payments of attorneys' fees was designed to invite the education advocates to continue to provide *pro se* representation, *cf. Int'l Org. of Masters, Mates & Pilots v. Brown*, 698 F.2d 536, 552 (D.C. Cir. 1983) (determining that payment of salaries above a pay ceiling estopped the defendant from later imposing the cap on the plaintiffs), or that the plaintiffs detrimentally relied on the said action, the plaintiffs have not established the traditional elements of estoppel.  *Id.*; *Heckler v. Comty. Health Servs. of Crawford Country, Inc.*, 457 U.S. 51, 61 (1984) (observing that "a private party surely cannot prevail without at least demonstrating that the traditional elements of an estoppel are present").

Moreover, where, as here, estoppel would apply against the government, a plaintiff must show, in addition to the traditional elements, that the "government agents [have] engage[d] – by commission or omission – in conduct that can be characterized as misrepresentation or concealment, or at least [have] behave[d] in ways that have or will cause an egregiously unfair result."  *Smith*, 277 F. Supp. 2d at 107 (internal citation and quotation marks omitted); *accord. Conax Fla. Corp. v. United States*, 824 F.2d 1124, 1131 (D.C. Cir. 1987) (recognizing that "the Supreme Court has indicated [that affirmative misconduct] is a prerequisite to a finding of estoppel against the United States"); *L'Enfant Plaza Props., Inc. v. District of Columbia Redevelopment Land Agency*, 564 F.2d 515, 524 (D.C. Cir. 1977) (requiring "egregious injustice").  The plaintiffs fail to establish this element as well.  The plaintiffs do not persuade the court that the partial payment of attorneys' fees estops the defendant from later contesting

payment.  Indeed, payments to the plaintiff do not "suggest[] . . . affirmative misconduct," which is "a prerequisite to a finding of estoppel against the United States."  *Conax*, 824 F.2d at 1131 (rejecting the plaintiff's assertion that the government was estopped from challenging a contract on which it had completed payment).  Because payments alone are insufficient to establish affirmative misconduct, the defendant's partial payments of attorneys' fees, likewise, are insufficient.  Furthermore, failing to raise arguments in an administrative due process hearing does not constitute affirmative misconduct absent a showing, by the plaintiff, that the omission was anything more than "ordinary negligence."  *See Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000) (internal quotation marks omitted) (holding that a "failure to advise," even when the defendant has an "affirmative obligation" to do so, "is not the same as engaging in 'affirmative misconduct'"); *see also American Sav. v. Bell*, 562 F. Supp. 4, 8-9 (D.D.C. 1981) (declining to estop the government from raising arguments not included in a denial letter).  Accordingly, estoppel does not bar the defendant from now contesting the plaintiff's entitlement to fees.

### C. The Education Advocates are "Parents" Under the IDEA

The defendant argues that the education advocates may not collect attorneys' fees because only parents can recover attorneys' fees under the IDEA.  Def.'s Supp. Opp'n at 1; 20 U.S.C. § 1415(i)(3)(B)(i)(I).  The plaintiffs respond that the Superior Court's order appoints the education advocates as "Guardian[s], Limited for Educational Purposes."  Pls.' Opp'n at 6-7 & Ex. 1; Praecipe, Ex. 1.  In addition, the definition of "parent" in the IDEA, 20 U.S.C. § 1401(23), includes "guardian[s]," and a regulation issued by the Office of Special Education and Rehabilitative Services in the Department of Education,[4] 34 C.F.R. § 300.30, defines "parent" to include guardians "authorized to make educational decisions for the child."  To the plaintiffs,

---

[4]  The Office of Special Education and Rehabilitative Services in the Department of Education issues interpretive guidelines for administering the IDEA.  20 U.S.C. § 1402(a).

therefore, education advocates are "parents" entitled to recovery of attorneys' fees. Pls.' Opp'n at 6-7; Pls.' Supp. Opp'n at 2. The defendant replies that the education advocates are barred from bringing suit because the children already have guardians ad litem, and then it summarily concludes that "[t]here is no indication . . . that a court is empowered to appoint two persons, both of whom would act as the 'parent.'" Def.'s Supp. Opp'n at 3. The court disagrees.

The defendant provides no case law to support its argument that it would be improper for more than one person to act as a "parent," Def.'s Supp. Opp'n at 3, and the Code of Federal Regulations and the Federal Rules of Civil Procedure indicate otherwise. First, the Code of Federal Regulations anticipates a situation where "more than one party is qualified" to be a "parent," providing that in such cases any individual identified by "a judicial decree" to "make educational decisions on behalf of a child . . . shall be determined to be the 'parent.'" 34 C.F.R. § 300.30. Second, Rule 17(c) lists potential representatives of a child: "a general guardian, committee, conservator, or other like fiduciary." FED. R. CIV. P. 17(c). Thus, Rule 17(c) acknowledges multiple eligible representatives,[5] and the plain language of the Superior Court's orders – appointing the education advocates as guardians – makes clear that these education advocates are "other like fiduciar[ies]" under Rule 17(c). *See Gardner ex rel. Gardner v. Parson*, 874 F.2d 131 (3d Cir. 1989); *Adelman ex rel. Adelman v. Graves*, 747 F.2d 986 (5th Cir. 1984); *Life Ins. Co. v. Cashatt*, 206 F. Supp. 410 (E.D. Va. 1962).

Furthermore, while the Tenth Circuit cautions against appointing multiple individuals to

---

[5]   Rule 17(c) also states that only "an infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Thus, because the Superior Court already appointed a guardian ad litem, the education advocates may not bring suit as next friends. The education advocates may, however, bring suit as "other like fiduciary[ies]." FED R. CIV. P. 17(c); *see Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989) (determining that the next friend did not have standing, and that any objections should be addressed by the district court by removing the guardian ad litem or by appointing another guardian ad litem to protect the child's interests).

represent a child, *see Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989) (reasoning that "[a]llowing two parties, the court-appointed guardian ad litem and [a next friend], to represent the minor children interferes with the orderly development of the lawsuit"), it does not support the defendant's proposition that the court does not have the power to replace a guardian ad litem with another guardian for a specific purpose, *see id.* (recognizing that upon request a district court may "remove the guardian ad litem and/or . . . appoint another guardian ad litem to protect the children's interests").  Here, after appointing a guardian ad litem,[6] the Superior Court acted within its discretion to appoint the education advocates as guardians to protect the children's education interests.  Pls.' Opp'n at 6-7 & Ex. 1; Praecipe, Ex. 1.  Additionally, the court notes that the defendant offers contradictory views as to whether education advocates may bring suit.  On the one hand, the defendant asserts that the education advocates are unauthorized to bring suit, Def.'s Supp. Opp'n at 1-3, but on the other hand, the defendant recognizes that "the Superior Court's Plan, as well as the D.C. Code, anticipates both that an education advocate may need to represent the child being represented in Superior Court in forums other than the Superior Court, and that the representation of the child may be extended and complex."  Def.'s Supp. Br. at 2.

Finally, the interpretive guidelines for the IDEA issued by the Department of Education's Office of Special Education Programs state that a "parent" includes a "guardian . . . authorized to make educational decisions for the child" and "when more than one party is qualified" to act as "parent," then an individual authorized by "a judicial decree or order . . . to make educational decisions on behalf of a child . . . shall be determined to be the 'parent' for purposes of this

---

[6]  The defendant states that "in the Superior Court proceedings relating to the children for whom Mr. Houston and Ms. Duos claim next friend plaintiff status, those children had been appointed a guardian *ad litem* by that court."  Def.'s Mot. at 11.

8

section." 34 C.F.R. § 300.30(a)(2), (b)(1)-(2).   In this case, because the Superior Court ordered that the education advocates "determine the educational needs" of the children, even if multiple representatives could have initiated the due process hearings and the instant action for attorneys' fees, the education advocates are the preferred individuals to do so.  Accordingly, the court determines that these education advocates appointed as "Guardian[s], Limited for Educational Purposes" qualify as "parents" under the IDEA.

### 4. *Pro Se* "Parents" Are Unable to Recover Attorneys' Fees

The defendant argues, in the alternative, that even if the IDEA authorizes these education advocates to bring suit, "[c]ase law is clear that attorneys' fees may not be awarded for legal service performed by an attorney/parent who obtains special education benefits" under the IDEA.  Def.'s Supp. Opp'n at 3.  The plaintiffs acknowledge the general rule prohibiting *pro se* attorney-parents from recovering fees, but they contend that this rule only applies to biological parents of children and not to independent, emotionally detached counsel.  Pls.' Opp'n at 7.  The plaintiff's argument is unpersuasive.

The Supreme Court has denied attorney's fees to a *pro se* attorney-parent[7] to avoid ethical dilemmas "that may make it inappropriate for him to appear as witness" and to encourage retention "of an independent counsel[, insuring] that reason, rather than emotion, dictates the proper tactical response."  *Kay v. Ehler*, 499 U.S. 432, 435, 437 (1991) (holding that a *pro se* attorney is ineligible for attorney's fees under 42 U.S.C. § 1988, despite "handl[ing] his professional responsibilities . . . in a competent manner"); *accord. Woodside v. Bd. of Educ.*, 248 F.3d 129 (3d Cir. 2001); *S.N. v. Pittsford Cent. Sch. Dist.*, 448 F.3d 601 (2d Cir. 2006).  The plaintiffs try to distinguish *Kay* by noting that the education advocates are not the biological

---

7    The Supreme Court, clarified that parents under the IDEA have "independent, enforceable rights," making clear that parents may proceed *pro se* in IDEA claims. *Winkelman v. Parma City Sch. Dist.*, 127 S. Ct. 1994, 2002 (2007).

9

parents. Pls.' Opp'n at 7. The Supreme Court, however, has determined that both parents and guardians hold Constitutional rights "to direct the . . . *education* of children under their control," recognizing that "those who . . . direct [a child's] destiny have the right, coupled with the high duty, to recognize and prepare him for additional obligations." *Pierce v. Soc'y of Sisters*, 268 U.S. 510, 535 (1925) (emphasis added). Given guardians' significant responsibilities in directing the future of those lives with which they are entrusted by making education decisions, the court does not see fit to inquire further into this relationship. It is sufficient that the Superior Court appointed the education advocates as "Guardian[s], Limited for Educational Purposes." Pls.' Opp'n at 6-7 & Ex. 1; Praecipe, Ex. 1.

Furthermore, in *Kay*, the Supreme Court added that "the word 'attorney' assumes an agency relationship, and it seems likely that Congress contemplated an attorney-client relationship" when they allowed the recovery of "attorneys' fees." *Kay*, 499 U.S. at 491. As *pro se* attorney-parents, the plaintiffs do not even suggest that an attorney-client relationship exists, and the defendant's motion for summary judgment as to these claims must be granted. *See Bond v. Blum*, 317 F.3d 385, 398-400 (4th Cir. 2003) (stressing the importance of an attorney-client relationship in allowing the recovery of attorneys' fees for a *pro se* attorney representing an organization).

To summarize, a guardian who plainly falls within the definition of "parent" under the IDEA and brings an IDEA action *pro se* is subject to the limitations on recovery of attorneys' fees. *See S.N.*, 448 F.3d at 605 (denying a *pro se* attorney-parent attorneys' fees and noting that "S.N.'s father clearly fits within the definition" of "parent" under the IDEA). Accordingly, the court grants the defendant's motion for summary judgment as to the *pro se* education advocates'

claims to recover attorneys' fees under the IDEA.[8]

### IV.  CONCLUSION

For the foregoing reasons, the court grants the defendant's motion for partial summary judgment for the claims brought by the court-appointed education advocates William Houston and Laura Duos in their representation of the minor children P.C., K.J., M.C., V.H., J.C. and D.L.  An order consistent with this Memorandum Opinion is issued this 1st day of August 2007.

RICARDO M.  URBINA
United States District Judge

---

[8]  Because these *pro se* education advocates cannot bring a claim to recover attorneys' fees under the IDEA, the court need not address whether D.C. Rule 3.7 prohibits such a request.