**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| ESSIE BOWMAN *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 06-0016 (RMU) |
| | : | | |
| v. | : | Document No.: | 14 |
| | : | | |
| DISTRICT OF COLUMBIA, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM ORDER**

**DENYING THE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**I. INTRODUCTION**

Before the court is the defendant's motion for judgment on the pleadings.[1] The plaintiffs are several students attending the District of Columbia Public Schools ("DCPS") who received or are receiving special education services and their parents or guardians. They are suing the District of Columbia ("the District") for reimbursement of attorneys' fees incurred in administrative actions regarding the students' special education eligibility and services. *See generally* Compl. The defendants argue that the suit should be dismissed because the plaintiffs do not allege "a predicate statutory violation" under the Individuals with Disabilities Education

---

[1] In March 2006, the defendant moved to dismiss the plaintiffs' claims under 42 U.S.C. § 1983 and the claims brought by certain plaintiffs. Def.'s Mot. for Partial Dismissal at 13. In March 2007, this court dismissed the § 1983 claims and asked the parties for supplemental briefing regarding the ability of certain plaintiffs to maintain a cause of action. *Bowman v. District of Columbia*, 477 F. Supp. 2d 217, 221-22 (D.D.C. 2006). On April 20, 2007, the defendant filed the requested supplemental brief which, in addition to addressing the points requested by the court, argued for the first time that the plaintiffs had failed to state a claim under the IDEA. Def.'s Supplemental Br. at 4. In August 2007, this court granted the defendant partial summary judgment against some of the plaintiffs. *Bowman v. District of Columbia*, 496 F. Supp. 2d 160, 166 (D.D.C. 2007). On May 16, 2008, the parties filed a Joint Status Report submitting the defendant's argument that the remaining claims should be dismissed as a pending issue. Joint Status Report at 2. As the defendant failed to move for dismissal within the appropriate time frame, *see* Fed. R. Civ. P. 12(b), the court in its discretion construes this untimely argument as a motion for a judgment on the pleadings, *id.* at 12(c).

Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* Def.'s Supplemental Br. ("Def.'s Sup. Br.") at 5. Because parents who are prevailing parties in IDEA administrative hearings may unquestionably sue for attorneys' fees, the court denies the defendant's motion.

## II. ANALYSIS

### A. Legal Standard for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." *See* FED. R. CIV. P. 12(c).[2] If a party files a Rule 12(c) motion before the answer, the court may treat it as a motion to dismiss under Rule 12(b)(6). *See Seber v. Unger*, 881 F. Supp. 323, 325 n.2 (N.D. Ill. 1995). "In fact, any distinction between them is merely semantic because the same standard applies to motions made under either subsection." 2 FED. PRAC. 3d § 12.38, 12-101; *see also GATX Leasing Corp. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995).

Under Rule 12(c), the court must accept the nonmovant's allegations as true and should view the facts in the light most favorable to the nonmovant. *See Judicial Watch, Inc. v. Clinton*, 880 F. Supp. 1, 7 (D.D.C. 1995). The court should grant a motion for judgment on the pleadings if the movant "is entitled to judgment as a matter of law." *See Burns Int'l Sec. Servs. v. Int'l Union*, 47 F.3d 14, 16 (2d Cir. 1995).

When a party moves to dismiss for lack of subject-matter jurisdiction or for judgment on the pleadings, the court may consider the motion based on the complaint standing alone or, where necessary, on the complaint "supplemented by undisputed facts evidenced in the record,

---

[2] Rule 12(c) also states that if, on a motion for judgment on the pleadings, the court considers matters outside the pleadings, then the court shall treat the motion as one for summary judgment pursuant to Rule 56. In its analysis, the court will not consider any matters outside the pleadings, and will therefore treat the motion as one for judgment on the pleadings pursuant to Rule 12(c).

or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *See Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992). This standard follows from the "well-established practice – endorsed by the Supreme Court forty-five years ago . . . of allowing the District Court to make findings when a factual dispute regarding jurisdiction does arise." *Id.* at 198 n.6 (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)).

### B. Parents Who Are Prevailing Parties in IDEA Administrative Actions May Sue to Recover Attorneys' Fees Incurred in Those Actions

The defendant asserts that until a court orders reimbursement of attorneys' fees, the plaintiff has no "right" to those fees and that, therefore, the defendant's refusal to pay those fees is not a violation of the IDEA. Def.'s Sup. Br. at 5. The plaintiffs counter that because DCPS has set up a system for reimbursing attorneys' fees, the defendant may not now claim the lack of a court petition for fees as a defense. Pls.' Opp'n to Def.'s Sup. Br. at 4. To dispose of the defendant's motion, it is unnecessary for the court to determine whether the plaintiffs have a right to reimbursement. *See Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (holding that it is not necessary for the plaintiff to "plead law or match facts to every element of a legal theory") (internal quotation marks and citation omitted).

The plaintiff has provided the defendant with the facts surrounding each payment at issue, the amount requested and the statute that allegedly provides relief, the IDEA. *See generally* Compl. These allegations are sufficient to satisfy the notice pleading requirements of the Federal Rules of Civil Procedure. *See Kingman Park Civic Ass'n*, 348 F.3d at 1040. Furthermore, it is well established that, under the IDEA, parents who are the prevailing party in administrative proceedings may bring suit in federal court for reimbursement of their attorneys' fees associated with those proceedings. *Kaseman v. District of Columbia*, 444 F.3d 637, 639 (D.C. Cir. 2006) (citing *Moore v. District of Columbia*, 907 F.2d 165 (D.C. Cir. 1990) (en

banc)).  The defendants ignore this body of law and rely instead on this court's recent decision in *Gray v. District of Columbia*, 477 F. Supp. 2d 76 (D.D.C. 2007).  Def.'s Sup. Br. at 5.  This reliance, however, is misplaced because *Gray* stands only for the equally established principle that the statutory cap on attorneys' fees is constitutional.  *Gray*, 477 F. Supp. 2d at 79.  Because the plaintiffs here do not seek reimbursement above the statutory cap, *Gray* is inapposite.  *See id.*  Accordingly, it is this 19th day of June, 2008,

      **ORDERED** that the defendant's motion for judgment on the pleadings is **DENIED**.

      **SO ORDERED**.

                                                  RICARDO M. URBINA
                                                  United States District Judge